### ELIAS HUGHES v. STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Larceny.   Ownership of property.   Insufficiency of affidavit.   Motion in arrest of judgment.*

An affidavit charging the larceny of cotton from affiant's premises, shown to be a farm, is insufficient, if it contains no averment that the cotton was the property of another than the accused; and the defect, being one of substance, may be availed of in arrest of judgment.

FROM the circuit court of DeSoto county.

HON. EUGENE JOHNSON, Judge.

The appellant was prosecuted for stealing seed cotton of the value of $20.    The affidavit alleged that it was stolen from the premises of J. D. Nichols, the affiant, but did not allege that it was the property of Nichols, or any other person than the accused.    The evidence showed that the cotton was stored in a cotton house on the plantation of Nichols.    The defendant was found guilty, and a motion was made in arrest of judgment, on the ground discussed in the opinion of the court, upon the overruling of which this appeal was taken.

*Mial Wall*, for the appellant.

1. The affidavit was fatally defective in not alleging either ownership or possession of the cotton in some person other than the accused.    2 Wharton on Crim. L., secs. 1820, 1833; 3 Greenl. on Ev., sec. 154; *McDowell* v. *State*, 68 Miss., 348; *Long* v. *State* (Tex.), 20 S. W. Rep., 576; *Com.* v. *Morse*, 14 Mass., 217, 218.

2. This fatal defect is not cured by § 1341, code 1892.    *Newcomb* v. *State*, 37 Miss., 383.    See, also, *Luck* v. *State*, 64 Miss., 848; *Newman* v. *State*, 69 *Ib.*, 394.

*Wiley N. Nash, Attorney-general,* for the state.

Whether or not the affidavit was defective in not alleging that the cotton was owned by, or in the possession of, affiant, it was too late to make the point for the first time by motion in arrest of judgment.   Code 1892, § 1354;   *Gates* v. *State,* 71 Miss., 875.   The affidavit alleged that the cotton was on affiant's premises when stolen, and any objection to the sufficiency of that averment—as, charging that the asportation was against affiant's right—should have been made before verdict.   Code 1892, § 1341;   *Norton* v. *State,* 72 Miss., 132.   The offense was charged with sufficient clearness.   *State* v. *Whitney,* 15 Vt., 298;   *State* v. *Edwards,* 19 Mo., 674;   *George* v. *State,* 39 Miss., 570.

Argued orally by *W. N. Nash, Attorney-general,* for the state.

WOODS, J., delivered the opinion of the court.

The motion in arrest of judgment should have been sustained. The cotton charged in the affidavit to have been stolen was not laid as the property of affiant or as in his possession, when alleged to have been stolen and carried away.   It is matter of common knowledge that, on almost every plantation, others beside the owner of the plantation itself—the premises—both own, and are in possession of, their own personal property. The defect is one of substance and not form, and may be taken advantage of by motion in arrest, as well as by demurrer before trial.

*Reversed and remanded.*