JOHNSON *v.* STATE.

(Division B.  Oct. 2, 1939.)

[191 So. 127.  No. 33638.]

Hilton, Berry & Kendall, of Jackson, and Martin & Farr, of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Willie Johnson, was indicted and tried in the circuit court of Madison County on the charge of

grand larceny, it being alleged in the indictment that Willie Johnson and Willie Bell, late on the county aforesaid, on the 2nd day of January, 1939, did then and there unlawfully, wilfully, and feloniously take, steal, and carry away one Brindle White face heifer of the value of $30, the property of Mrs. C. C. Hammock, contrary to the form of Statute in such case made and provided, and against the peace and dignity of the State of Mississippi.

On the trial of the case, Willie Bell, jointly indicted with appellant, testified that he and the appellant took the said heifer of the description named in the indictment belonging to Mrs. Hammock, without giving her christian name or initials.

C. A. Hammock was introduced and testified that his mother was Mrs. C. C. Hammock and that she had a heifer of the description named in the indictment which was placed in the pasture of Tabor Hammock, a first cousin of the witness, and that shortly after the heifer was taken he saw it in the pen of the Beasley Packing House in Jackson, Mississippi, and that a Mr. Little told him that he sold the heifer to the Beasley Packing House. That Mrs. C. C. Hammock was not present at the time of the trial. C. A. Hammock also testified that he was a first cousin of Tabor Hammock, and that said pasture of Tabor Hammock was in Madison County, Mississippi, and the cattle were taken from this pasture, or, at least, were in the pasture prior to their being taken.

Several witnesses testified with reference to the matter but none of them identified the property as that of Mrs. C. C. Hammock, except C. A. Hammock, but nearly all of the witnesses used the term Mrs. Hammock without mentioning her initials or christian name when testifying as to the ownership of the cattle.

Mrs. M. E. Hammock was introduced as a witness by the State and testified that she was the owner of the heifer involved in the prosecution, and that she got it from Mr. Beasley's place of business in Hinds County, and that she first learned that that heifer was stolen on Saturday night, and she came to Jackson Monday morn-

ing, and that she was accompanied to Jackson by her son, Alton Hammock, without giving the initial or other name of Alton Hammock, or identifying Alton Hammock as the same person as C. A. Hammock.

In the instructions for the State, there was one given on the theory of petty larceny, and another on the theory of grand larceny, there being differences in the value of the heifer placed by different witnesses, some of whom placed the value above $25, and some of whom placed it less than $25. These instructions read: "The Court instructs the jury for the State that if you believe from the evidence beyond a reasonable doubt that the defendant, Willie Johnson, acting alone or with another, unlawfully and feloniously took, stole and carried away the heifer of Mrs. Hammock, and if you further believe from the evidence beyond a reasonable doubt that the value of said heifer was less than twenty-five dollars, then it will be the sworn duty of the jury to find the defendant guilty of petty larceny." A similar instruction, identical with this, except upon the question of value, was given, it providing that if the value was $25 or more, it would be the duty of the jury to find the defendant guilty as charged, making the verdict a conviction of grand larceny. The owner is not described otherwise than as Mrs. Hammock in the instruction. It appears as above stated from the evidence that one witness testified that the property was the property of Mrs. C. C. Hammock, and another witness that the property was the property of Mrs. M. E. Hammock. It therefore appears that it was submitted to the jury that they should find the defendant guilty, if they believe that the defendant stole the heifer of Mrs. Hammock, without identifying the ownership in Mrs. C. C. Hammock as alleged in the indictment. Mrs. C. C. Hammock and Mrs. M. E. Hammock would appear to be different persons and the names do not come within the doctrine of idem sonans. It is also testified as above stated that Mrs. C. C. Hammock was the mother of C. A. Hammock, but no question was asked to identify C. A. Hammock with Alton Hammock.

It is argued by the state that inasmuch as witness has testified that Tabor Hammock's pasture adjoined the property of Mrs. C. C. Hammock, and so adjoined the property of Mrs. M. E. Hammock, and that Tabor Hammock and Alton Hammock were first cousins, and that Tabor Hammock and C. A. Hammock were first cousins, that it sufficiently appears that Mrs. C. C. Hammock and Mrs. M. E. Hammock are the same person. This position cannot be sustained. The state must prove the ownership as alleged in the indictment beyond a reasonable doubt, and the Court cannot draw inferences, that do not necessarily arise from the evidence, to supply what the state should have proven directly.

An indictment for larceny must state the Christian name, or proper initials, as well as the surname of the owner of the property; whenever the name of the owner cannot be ascertained, the indictment should aver the larceny of the property as being the property of some person to the jurors unknown, and the proof must show in such case who the owner of the property is, and this should be shown beyond a reasonable doubt. This was not done in the case at bar. The indictment alleged a specific person as the owner, and proof must conform thereto, and proof by the state showed the property to be in two different persons, and the instruction above mentioned left the jury to convict if it believed the property belonged to either.

The instruction referred to in the record would be applicable to any married woman whose husband was named Hammock. See Robinson v. State, 180 Miss. 774, 178 So. 588; Unger v. State, 42 Miss. 642, 2 Morr. St. Cas. 1584; Hughes v. State, 74 Miss. 368, 20 So. 838; Horn v. State, 165 Miss. 169, 147 So. 310; 17 R. C. L. 22, Section 25; 36 C. J., page 756, Sec. 74.

The ownership of the property in the person alleged in the indictment must be proven not only to advise the defendant of the offense, so as to meet it in the trial, but also for the purpose of pleading a conviction or acquittal on a subsequent charge thereafter preferred, in all the

essential elements. The state must prove the case beyond a reasonable doubt by proper evidence, for nothing can be taken by implication or presumption that does not necessarily and properly flow from evidence produced. There are other assignments of error, but they may not arise on another trial. For the error indicated, the judgment of the Court is reversed and the cause remanded.

Reversed and remanded.