349 So.2d 1066 (1977)
Lee ANTHONY
v.
STATE of Mississippi.
No. 50314.
Supreme Court of Mississippi.
September 21, 1977.
Cason Rankin, Carroll E. White, Tupelo, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Special Asst. Atty. Gen., Jackson, for appellee.
*1067 Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Lee County, Mississippi, wherein appellant was indicted for the crime of aggravated assault, tried, convicted and sentenced to seven years in the custody of the State Department of Corrections with four years of said sentence suspended.
The appellant's sole assignment of error is that the court erred in sentencing him for a felony instead of a misdemeanor under Mississippi Code Annotated section 97-3-7 (Supp. 1976).[1]
In support of this assignment of error, the appellant argues that the indictment does not charge that the alleged act was "feloniously" done, and consequently the defendant may only be sentenced for a misdemeanor. The statute under which the appellant was convicted is section 97-3-7 (Supp. 1976) styled, "Simple assault  aggravated assault." Subsection (1) of 97-3-7 defines the crime of "simple assault" and provides a penalty therefor ranging from a fine of not more than $500 to imprisonment in the county jail for not more than six months, or both, with a greater penalty imposed under certain circumstances, where the assault is upon a law enforcement officer or fireman. However, subsection (2) of that same statute defines the crime of "aggravated assault" and provides for punishment ranging from not more than one year in the county jail, nor more than twenty years in the penitentiary, except in special circumstances involving law enforcement officers and firemen.
The appellant argues in his brief that he could not have known what type sentence he would receive until sentence was imposed and that he had every right to proceed to trial under the belief that he was being tried for the commission of a misdemeanor since the indictment did not use the word "feloniously." However, this contention is without merit. The accused needed only to compare the indictment against him with the statute to readily see that he was charged with aggravated assault under subsection (2) of section 97-3-7. The indictment against him alleged that he did "... knowingly and purposely cause bodily injury to one Clay Lee Anthony, by cutting the said Clay Lee Anthony with a deadly weapon, to-wit: A knife... ." (Emphasis added). The indictment followed the wording of the statute and generally that is all that is necessary to advise an accused of the charge against him. State v. Labella, 232 So.2d 354 (Miss. 1970).
The subsection of the statute under which the appellant was charged does not contain the word "feloniously" and it was not necessary to include the word in the indictment. The averment that the appellant knowingly and purposely caused bodily injury to Clay Lee Anthony "with a deadly weapon," a knife, clearly categorized the assault as an aggravated assault under subsection (2) of 97-3-7 as distinguished from a simple assault and as defined in subsection (1) of 97-3-7.
There is no misdemeanor feature contained in subsection (2) of 97-3-7 (aggravated assault). It is true that the appellant could have, in the discretion of the trial judge, been sentenced to the county jail for a period of not more than a year, which is ordinarily within the range of punishment provided for the commission of a misdemeanor. However, this Court has adopted the rule that when the court or the jury is given the discretion to fix punishment for an offense by imprisonment in the penitentiary or by fine or confinement in the county jail, such offense is held to be a felony regardless of the penalty actually imposed. Bellew v. State, 238 Miss. 734, 106 So.2d 146 (1958); Ellis v. State, 203 Miss. 330, 33 So.2d 837 (1948); State v. Sansome, 133 Miss. 428, 97 So. 753 (1923). Therefore, even though subsection (2) of section 97-3-7 provides for punishment for aggravated assault ranging from not more than one year in the county jail or in the penitentiary for not more than twenty years, except in *1068 special circumstances involving law enforcement officers or firemen, the crime is nevertheless a felony regardless of the punishment imposed.
We have considered the case of State v. May, 147 Miss. 79, 112 So. 866 (1927) relied on by appellant and are of the opinion that it has no application to the facts of this case. The indictment there was drawn under an entirely different statute where the gist of the offense was the intent with which the shooting was done.
In this case, the element which elevates the crime from a misdemeanor to a felony is the use of a deadly weapon to accomplish the act. Compare subsections (1) and (2) of section 97-3-7 (Supp. 1976).
The judgment and sentence of the lower court are affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.

APPENDIX

§ 97-3-7. Simple Assault  aggravated assault.
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
NOTES
[1] See appendix.