639 So.2d 1320 (1994)
Ione COOPER and Orman R. Cooper a/k/a Rob Cooper
v.
STATE of Mississippi.
No. 91-KA-0821.
Supreme Court of Mississippi.
June 9, 1994.
Rehearing Denied August 18, 1994.
*1321 Roy O. Parker, Roy O. Parker, Jr., Roy O. Parker & Associates, Tupelo, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the Court:
Ione and Orman Cooper were arrested and indicted for grand larceny for removing flowers from the grave of Martha Benefield on the day following her funeral. They were tried together and both found guilty. The Coopers were sentenced to five years, suspended, and ordered to serve 45 days in the Itawamba County Jail. Additionally the Coopers were fined $750 each, ordered to each perform 200 hours community service, and placed on probation for two and one-half years. After failing in their motion for JNOV or new trial, the Coopers perfected their appeal to this Court, assigning the following as error[1]:

*1322 I. THE LOWER COURT ERRED IN ALLOWING THIS CASE TO PROCEED TO CONVICTION BASED ON AN INDICTMENT THAT ALLEGED INCORRECT OWNERSHIP OF THE PROPERTY.
II. THE LOWER COURT ERRED IN DENYING THE COOPERS MOTIONS FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION, AND JNOV BASED ON THE FAILURE OF THE STATE TO PROVE THAT THE PROPERTY WAS WORTH MORE THAN $100.00.
III. THE LOWER COURT ERRED IN ITS DETERMINATION THAT BOB STEELE WAS QUALIFIED TO TESTIFY AS AN EXPERT.
IV. THE LOWER COURT ERRED IN NOT ALLOWING IONE COOPER TO PROCEED IN FORMA PAUPERIS.

We are of the opinion that the issues raised by the Coopers on appeal are uniformly without merit and accordingly, the judgment of the lower court is affirmed.

STATEMENT OF THE FACTS
Martha Benefield died during the early morning hours on Thursday, August 16, 1990. She was buried on Saturday, August 18, at Memorial Gardens cemetery. McNeece-Morris funeral home transported the flowers received for Mrs. Benefield to the grave site. At the conclusion of the services, the flowers were left on the grave.
At dusk the following day, Sunday, August 19, 1990, Itawamba County Sheriff Leland Taylor, while on patrol, observed two individuals removing flower arrangements from the cemetery and placing them in a car. As he parked his car to investigate, he noticed Rob Cooper with a wreath in his hand. Taylor asked what was happening and Cooper responded that he and his mother had "worked" the funeral and were removing the old flowers. Taylor was aware that the Coopers operated a flower shop in Tupelo and was uncertain as to whether a crime was being committed. After leaving the scene, Taylor called in to report the incident and directed someone to determine whether the Coopers had permission to remove the flowers. After it was ascertained that no one had permission to remove flowers from the cemetery or Mrs. Benefield's grave, Taylor proceeded to the Coopers' home in Fulton. There he observed the car and a trail of flowers leading to the back of the house. No one answered when he knocked on the door. After obtaining a warrant and threatening to break down the door, Taylor was allowed in and arrested Rob and Ione Cooper on charges of grand larceny. He recovered fourteen stands of flowers which he took to the Sheriff's office.
Later that night Johnny Benefield identified the flowers and the following morning Bob Steele, a local florist, inspected them. Steele, who had created most of the fourteen stolen arrangements, valued the entire lot at $485.00, but did not itemize by arrangement.
Prior to trial, the Coopers requested court-appointed counsel. The lower court adjudged Rob Cooper, but not his mother, to be indigent.
At trial the State called Johnny Benefield, who again identified the flowers from photographs made at the Sheriff's office, Sheriff Taylor, who testified that he saw the defendants removing the flowers and later recovered them from their home, and Bob Steele, who testified that the flowers were worth $485.00. Phil Morris, the owner of the cemetery was also called and testified that he did not give the Coopers permission to remove anything from the premises. The jury returned a guilty verdict and the judge entered the sentence summarized above.

DISCUSSION

I. THE LOWER COURT ERRED IN ALLOWING THIS CASE TO PROCEED TO CONVICTION BASED ON AN INDICTMENT THAT ALLEGED INCORRECT OWNERSHIP OF THE PROPERTY.
The indictment in this case reads as follows:
Ione Cooper and Oamer R. Cooper aka Rob Cooper in said County and State on the 19th day of August, A.D., 1990 did wilfully, unlawfully and feloniously take *1323 steal and carry away flowers and flower stands from a grave of a value of $100.00 and more, good and lawful money of the United States, the personal property of the Estate of Martha Benefield, deceased, contrary to the form of the statute....
The Coopers claim that this indictment was fatally flawed because it incorrectly named the Estate of Martha Benefield as the owner of the flowers, despite the fact that Johnny Benefield, the sole heir of Martha Benefield testified that he had not "set up" an estate for his mother. Furthermore, the Coopers assert that property acquired with respect to a decedent, but after the death of the decedent, (e.g. rental income from property that belonged to the decedent) bypasses the decedent's estate altogether, for which they cite Bloodworth v. Stevens, Adm'x, 51 Miss. 475 (1875).
The precise ownership of the flowers is critical to the Coopers' argument as they also assert that any variance between ownership as alleged in an indictment, and ownership as proven at trial amounts to a fatal defect requiring reversal. They cite Johnson v. State, 186 Miss. 405, 191 So. 127 (1939), for the proposition that ownership in the person named in the indictment must be proven beyond a reasonable doubt in order to support a larceny conviction.
The State counters by citing two cases that hold that ownership may be properly averred in any party having possession, either as the owner, bailee or agent. Mahfouz v. State, 303 So.2d 461 (Miss. 1974); Bullock v. State, 391 So.2d 601 (Miss. 1980).
This assignment of error presents the Court with two previously unresolved questions, i.e. who owns flowers sent as memorials for a decedent and must an indictment for the theft of such property perfectly reflect ownership. As the answer to the latter must be in the negative, there is no need to address the former. This Court and federal courts have addressed the effect of a variance between the evidence adduced by the government and the language of an indictment. With respect to a larceny indictment, this Court has stated:
The description of an indictment must be of sufficient particularity to enable the court to determine that such property is the subject of larceny and to advise the accused with reasonable certainty of the accusation he will be called upon to meet at the trial and to enable him to plead the judgment rendered thereat in bar of a subsequent prosecution for the same offense without other proof. Grimsley v. State, 215 Miss. 43, 48-49, 60 So.2d 509, 511 (1952). For the variance between the indictment and the proof to be fatal, however, it must be a material and prejudicial variance.
Jackson v. State, 450 So.2d 1081, 1082 (Miss. 1984). See also, United States v. Moree, 897 F.2d 1329 (5th Cir.1990) (variance which does not modify the offense charged is not error); United States v. Cochran, 697 F.2d 600 (5th Cir.1983); McCullum v. State, 487 So.2d 1335 (Miss. 1986).
The strict rule of Johnson v. State, 186 Miss. 405, 191 So. 127 (1939), that ownership must be proven as averred beyond a reasonable doubt has already been implicitly overruled in cases such as Mahfouz v. State, 303 So.2d 461 (Miss. 1974), and Bullock v. State, 391 So.2d 601 (Miss. 1980). The rule from Jackson quoted above is now the proper focus of any inquiry regarding the adequacy of a larceny indictment.
Assuming without deciding that the Coopers' position on the ownership of the flowers is correct, the variance was neither material nor prejudicial. By specifying the date, the property taken, and the location from which it was taken, the indictment was sufficient to put the Coopers on notice of the crime with which they were charged and to prevent subsequent prosecution for the same incident. There is no suggestion of any defense that could have been mounted against Johnny Benefield as the owner, rather than the estate of Martha Benefield, had the Coopers known beforehand what the proof on ownership would show.
For the foregoing reasons, this assignment of error is without merit.

*1324 II. THE LOWER COURT ERRED IN DENYING THE COOPERS MOTIONS FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION, AND JNOV BASED ON THE FAILURE OF THE STATE TO PROVE THAT THE PROPERTY WAS WORTH MORE THAN $100.00.
Under this assignment, the Coopers argue that their convictions for grand larceny must be reversed because no proof was offered that the property stolen was worth more than $100.00.
The Coopers correctly point out that only the fair market value of flowers at the time of the crime is relevant to the grand larceny determination. No sentimental or personal value peculiar to the owner may be considered. Barry v. State, 406 So.2d 45 (Miss. 1981). From this premise they argue that, because the State's expert admittedly did not deal in used flowers, he could not have known the market value of the property in question. Thus, the appellants assert that there was insufficient evidence adduced to support the convictions for grand larceny. The proper standard for evaluating such a challenge is well settled:
We must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Callahan v. State, 419 So.2d 165, 174 (Miss. 1982); Sadler v. State, 407 So.2d 95, 97 (Miss. 1981). The credible evidence which is consistent with the guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Hammond v. State, 465 So.2d 1031, 1035 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984); Glass v. State, 278 So.2d 384, 386 (Miss. 1973). Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984); Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980). We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).
Ahmad v. State, 603 So.2d 843, 845 (Miss. 1992).
In the instant case, Bob Steele, a florist in Fulton, Mississippi, for thirty-six years, testified at trial that he had personally made twelve of the sprays and that they had left his shop on Friday afternoon and Saturday morning. Steele examined the fourteen stolen flower arrangements on the Monday morning following the Coopers' arrest. His opinion was that "most" of the flowers were still fresh on Sunday night and that they were worth $485.00 at the time they were removed from the cemetery. Additionally, the jury received evidence of the condition of the flowers in the form of photographs taken at the Sheriff's office on Monday morning.
The only conclusion this Court can reach is that there was sufficient evidence from which a fair-minded juror could determine that the market value of the stolen property exceeded $100.00. An experienced florist testified that most of the flowers were still fresh at the time they were removed from the grave and that the arrangements were worth $485.00. There is no indication in the record that Steele used any valuation method other than market value, such as original cost, or sentimental value. He was subject to cross-examination and any questions as to his credibility or the reliability of his valuation were resolved by the jury in favor of the State. Accordingly, this assignment of error is without merit.

III. THE LOWER COURT ERRED IN ITS DETERMINATION THAT BOB STEELE WAS QUALIFIED TO TESTIFY AS AN EXPERT.
After being apprised of Steele's qualifications through direct testimony and voir dire, the lower court concluded on the record that he could offer testimony helpful to the jury and allowed him to testify as an expert.
*1325 The question of whether an individual is qualified to testify as an expert is committed to the sound discretion of the trial court. This Court does not reverse such decisions absent a showing that this discretion has been abused, that is, that the witness was clearly not qualified. Hall v. State, 611 So.2d 915 (1992); Billiot v. State, 454 So.2d 445 (Miss. 1984).
Here again the Coopers make much of the fact that the flowers in question had been exposed to the elements for two days and one night prior to being stolen. They assert that thirty-six years of experience as a florist did not qualify Bob Steele as an expert on the value of flowers in this condition. The lower court did not abuse its discretion in rejecting this contention. Steele specifically stated that most of the flowers were still fresh when he valued them, and no one disputes his expertise in the field of pristine flowers. Accordingly, Steele was properly allowed to testify as to the value of the floral arrangements. The concerns raised by the Coopers go more toward the weight and credibility to be assigned to Steele's testimony than its admissibility as expert testimony.

IV. THE LOWER COURT ERRED IN NOT ALLOWING IONE COOPER TO PROCEED IN FORMA PAUPERIS.

Under this assignment, Ione Cooper complains that the lower court improperly denied her pauper status. At first glance, this appears to be a constitutional claim based on an indigent's right to counsel as announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (indigent's right to counsel essential for fair trial and denial violates the Fourteenth Amendment). As the record plainly demonstrates, however, Ione Cooper was represented both at trial and on appeal by Roy Parker, her attorney of choice in previous civil cases. Parker also served as court-appointed counsel for Rob Cooper in the case sub judice. Thus, Ione Cooper is not complaining that she was denied effective assistance of counsel, but merely that she was or will be forced to pay for it herself.
The question of whether a defendant may proceed in forma pauperis is committed to the sound discretion of the trial judge. Gerrard v. State, 619 So.2d 212 (Miss. 1993). In the instant case, Ione Cooper testified that she owned realty which she valued at $7,500.00 and which was encumbered by mortgage of $5,500.00. The mortgage secured a loan which was used to purchase floral supplies. Although Ione testified that these supplies belonged to Rob, they were still on hand at the time the lower court ruled on her indigency status. Ione Cooper further testified that her income was limited to $100.00 per month earned from sewing. She lived rent-free with Rob Cooper and at times engaged in the floral business with him. After hearing her testimony, the lower court ruled:
[W]ith the owning of this property and one of them is unencumbered, I just don't feel that I would be doing Itawamba County right if I required it to pay for you a lawyer. I believe you can employ one, and I am going to give you until Thursday morning at nine o'clock to do that.
The record does not indicate that Ione Cooper suffered the slightest difficulty in procuring an attorney. Given the fact that she had unencumbered resources, and the fact that she was indeed assisted by counsel (the effectiveness of which is not challenged), the lower court was correct in its ruling, and this assignment of error is without merit.
The assignments of error put forth by the Coopers lack merit. Accordingly, their conviction and sentence for grand larceny is affirmed.
CONVICTION OF IONE COOPER FOR GRAND LARCENY AND SENTENCE OF FIVE YEARS IN MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SAID SENTENCE SUSPENDED EXCEPT FOR 45 DAYS, FINE OF $750.00 AND COURT COURTS, COMMUNITY SERVICE OF 200 HOURS AND 2-1/2 YEARS SUPERVISED PROBATION AFFIRMED.
CONVICTION OF ORMAN R. COOPER, A/K/A ROB COOPER FOR GRAND LARCENY AND SENTENCE OF FIVE YEARS IN MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SAID SENTENCE *1326 SUSPENDED EXCEPT FOR 45 DAYS, FINE OF $750.00 AND COURT COURTS, COMMUNITY SERVICE OF 200 HOURS AND 2-1/2 YEARS SUPERVISED PROBATION AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
NOTES
[1] Although the Coopers actually list eight issues in their statement of issues, the list is condensed to four for purposes of argument. The assignments of error listed in this opinion reflect the actual issues argued by the Coopers.