IN THE COURT OF APPEALS

9/9/97

OF THE

STATE OF MISSISSIPPI


NO. 95-KA-00121 COA


DONALD L. MURRELL A/K/A DONALD LEROY

MURRELL, JR. AND JACK EUGENE EATON APPELLANTS

v.

STATE OF MISSISSIPPI APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. BILL JONES

COURT FROM WHICH APPEALED: JACKSON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT MURRELL: RICHARD W. HAMILTON

ATTORNEY FOR APPELLANT EATON: DAVID M. ISHEE

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: BILLY L. GORE

DISTRICT ATTORNEY: KEITH MILLER

BEN SAUCIER

NATURE OF THE CASE: CRIMINAL: GRAND LARCENY

TRIAL COURT DISPOSITION: MURRELL: GRAND LARCENY: 5 YRS, SENTENCE SUSPENDED; DEFENDANT ON NON-REPORTING PROBATION FOR 2 YRS EATON: GRAND LARCENY: 5 YRS WITH 2 YRS SUSPENDED

MOTION FOR REHEARING FILED: 9/22/97

MANDATE ISSUED: 4/1/98

BEFORE McMILLIN, P.J., COLEMAN, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

This is an appeal from the Circuit Court of Jackson County wherein a jury convicted Donald L. Murrell and Jack Eugene Eaton of grand larceny. Various boat parts were the subject of the theft. Murrell was sentenced to five years suspended with two years probation. Eaton was sentenced to five years with two years suspended and ordered to pay $500 in attorney's fees. Feeling aggrieved, both men appeal each asserting five issues. Finding no error, we affirm.

## STATEMENT OF THE FACTS

The State presented two witnesses at trial -- Kara Mason and Dwight Baker. Kara Mason testified that he discovered Murrell and Eaton stealing boat parts from his salvage/junk yard on October 2, 1993. Eaton was tossing items from inside the junk yard over the fence which surrounds the perimeter of the yard to Murrell who was standing in a ditch on the other side of the fence. They then carried the items to their car parked on the roadway beside the ditch. Mason observed Eaton throw a console into the ditch after it was too big to place into the car. When Mason pulled up in his truck beside the men, they attempted to leave. Mason impeded their flight by blocking their car with his truck. He next removed the keys from their car's ignition and detained the two until police arrived. A throttle control box with cables attached was discovered inside the vehicle of Murrell and Eaton. Other items were discovered on the ground next to the fence. Mason identified all of the items at trial.

Baker is the owner of Baker's Sporting Goods which is a marine store that specializes in boats and outboard motors. Baker testified that the replacement or retail value of the items was $795.97. He inspected the items and valued them at one-half the replacement value or $357.50.

Murrell was the only witness to testify on behalf of the defense. Murrell claimed that he and Eaton had found the items lying in the ditch. He testified that the reason they attempted to leave the scene was because Mason had a gun and frightened them.

ARGUMENTS AND DISCUSSION OF THE LAW

(A) MURRELL'S ASSIGNMENTS OF ERROR:

I. THE TRIAL COURT ERRED BY REFUSING TO REQUIRE THE STATE TO AUTHENTICATE EVIDENCE BEFORE IT WAS ALLOWED TO BE INTRODUCED.

Murrell argues that the State did not properly authenticate the stolen property before it was allowed into evidence which is contrary to Mississippi Rule of Evidence 901. Murrell contends that the items were not in the same condition because Mason reassembled the items. The items were parts from a boat which were reassembled at the time of trial. The State responds that the stolen items were properly identified by Mason and Baker.

Rule 901 reads, in relevant part, as follows:

RULE 901. REQUIREMENT OF AUTHENTICATION OR IDENTIFICATION.

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony that a matter is what it is claimed to be.

M.R.E. 901. In the present case, the boat parts were properly authenticated. Mason was a witness with knowledge that the items were what they were alleged to be -- the parts removed from Mason's salvage yard by Murrell and Eaton. *See* M.R.E. 901(b)(1). We find this issue to be without merit.

II. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO VALUE PROPERTY ALLEGED TO HAVE BEEN STOLEN BY USING REPLACEMENT VALUE RATHER THAN USING "FAIR MARKET VALUE" TO PLACE A VALUE ON SUCH PROPERTY.

Murrell asserts that the jury was not presented with evidence of the market value of the property but was only presented with evidence of the replacement value of new property. The State, however, responds that evidence of replacement or retail value was a proper means of calculating the fair market value.

Murrell is correct in his assertion that the proper valuation for purposes of determining the degree of larceny is the fair market value of the property. "In the ordinary case, the proper yardstick is the market value of the property at the time and place of the larceny; the original cost of the property or any special value to the owner personally is not considered." *Barry v. State*, 406 So. 2d 45, 47 (Miss. 1981) (3 Wharton's Criminal Laws at 309-11 (14th ed. 1985). However, contrary to Murrell's assertion, the jury was not merely informed as to the replacement value of the property. The expert witness for the State testified as to the fair market value of the used boat parts. The expert also testified as to the retail or replacement value of the parts as this amount was included in his calculation of the fair market value. We cannot say that the trial court committed error in allowing

the testimony as to the replacement value as the basis for an expert's opinion. Furthermore, we note that the jury was instructed that it had to find that the value of the property was greater than $250. The jury was also instructed that the value of the property is determined by fair market value. We find no error.

## III. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE EVIDENCE THAT HAD NOT BEEN PROVIDED IN PRETRIAL DISCOVERY.[1]

Murrell and Eaton argue that the State violated discovery Rule 4.06 in that it failed to provide notice of the State's expert witness, Dwight Baker, until the end of the day before trial. Under Rule 4.06 of the Mississippi Uniform Criminal Rules of Circuit Court Practice,[2] the State is required to disclose to the defendant the "[n]ames and addresses of all witnesses in chief proposed to be offered . . . at trial . . . ." *Jenkins v. State*, 607 So. 2d 1171, 1177 (Miss. 1992). Murrell argues the State did not provide Baker's name or address or a summary of his testimony. Eaton complains that he had no notice of the State's intention to call Baker. Because of this asserted injustice, both Eaton and Murrell seek reversal in this matter based upon the unfairness of the process. The Mississippi Supreme Court has previously noted that Rule 4.06 and the *Box* standards are designed to avoid trial by ambush or unfair surprise to either party to the litigation. *Holland v. State*, 587 So. 2d 848, 866-67 (Miss. 1991) . As articulated in *Davis v. State*, 530 So. 2d 694 (Miss. 1988), the guidelines for discovery set out in *Box v. State*, 437 So. 2d 19 (Miss. 1983), provide as follows:

(1) Upon the defense's objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical, etc.

(2) If after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to request a continuance constitutes a waiver of the issue.

(3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence the trial court must grant the requested continuance.

*Davis*, 530 So. 2d at 698 (citing *Box*, 437 So. 2d at 23-26).

The appellants were specifically told by the judge that before Baker testified, they would be allowed the opportunity to interview Baker, satisfying the initial rule from *Box*. Likewise, believing that they might be prejudiced due to the lack of opportunity to prepare to meet the evidence, the appellants requested a continuance, effectively meeting the second requirement of *Box*. Despite having fulfilled prongs one and two of *Box,* it is the third prong of *Box* which is brought to our attention.

The appellants requested a continuance, leaving the court two viable options: (1) the prosecution would not be allowed to use the *undisclosed* evidence or (2) if the State were unwilling to forego proceeding at trial without the testimony, then the court must grant a continuance.

The salient issue then is whether the evidence was undisclosed. What is undisclosed evidence? As

noted above, it does not appear that the discovery guidelines were strictly followed. But despite this, both Appellants were notified that the State would produce a witness to testify as to the value of the contested items. Even though the name of the witness was given only a little over a half day before the actual trial was to begin, there was no surprise. At first glance, this might not appear to be enough time to evaluate an adverse witness. This witness was the proprietor of the store, an individual the defense knew would be a likely candidate for delivering testimony. Thus, even if the guidelines were not followed to the letter, it was harmless error. Practically speaking, neither Eaton nor Murrell was prejudicially impaired by this late notice because defense counsel had prior notice that "value" was in issue and that "someone" would be called to qualify the amount of the items in issue. Both defendants had time to garner "hired guns" as to the value of the property allegedly stolen.

At trial, the prosecutor admitted that Eaton's attorney was not given a copy of the value estimate until the day before trial. However, the record is clear that Murrell's attorney received a copy of the value estimate some point prior to the June 21st hearing on Murrell's pre-trial motions, one month prior to trial. In another motion made on the morning of trial, Eaton and Murrell sought to preclude Baker from testifying due to a discovery violation by the State. The trial court denied their request to exclude Baker's testimony but provided both appellants with the opportunity to interview Baker prior to the beginning of the trial. After talking with Baker, Eaton and Murrell requested a continuance which the trial court denied.

The transcripts reflect no deliberate, dubious scheme on the part of the State to garner a substantial tactical advantage in the case at bar, nor does the State's conduct appear motivated by a desire to gain leverage over Murrell and Eaton.

Even though discovery was not followed to the letter, the spirit and the purpose of the *Box* rules were not violated. There was no unfair surprise in that "someone" would be called to authenticate the value of the items in question. Further, Murrell and Eaton have not shown that this late turn of events worked to their detriment; that is, no right was abridged.

## IV. THE TRIAL COURT ERRED IN GRANTING A FLIGHT INSTRUCTION TO THE STATE.

Murrell argues that their flight was explained; therefore, a flight instruction was improper and reversible error. The State maintains that the flight was unexplained, and the flight instruction was proper in that it was supported by the evidence.

The Mississippi Supreme Court has held that "an instruction that flight may be considered as a circumstance of guilt or guilty knowledge is appropriate only where that flight is unexplained and somehow probative of guilt or guilty knowledge." *Fuselier v. State*, 468 So. 2d 45, 57 (Miss.1985). Fuselier requires that a two-prong test must be satisfied before a flight instruction may be granted: the flight of the defendant must be both (1) unexplained and (2) probative.

In regard to the first of these prongs, the court has held that when a defendant's explanation is

contradicted and has no support outside his own testimony, his flight is left unexplained for purposes of satisfying the first prong. *See Reynolds v. State*, 658 So. 2d 852, 856-58 (Miss. 1995); *Brock v. State*, 530 So. 2d 146 (Miss.1988). Turning to the present case, Murrell attempted to explain their flight attributing it to fear of Mason who Murrell alleged had produced a gun. However, this is contradicted by Mason's testimony that he did not have a gun or any other type of weapon, and Murrell's testimony has no other corroboration. As Murrell and Eaton's flight was therefore left unexplained, the first prong is satisfied.

Furthermore, the second flight instruction prong is likewise satisfied. The fact that Murrell and Eaton attempted to flee to their car and leave the scene upon Mason's discovery of their activities is quite probative of their guilt or guilty knowledge. As the court recognized in *Reynolds*: "A juror would certainly find this information to be quite useful in making their determination as to the defendant's guilt or innocence." *Reynolds v. State*, 658 So. 2d 852, 857 (Miss. 1995). Given the evidence introduced in the case below, Murrell and Eaton's attempted flight from the crime scene once confronted by Mason was both unexplained and probative. Therefore, the granting of the flight instruction was proper. We find this issue to be without merit.

## V. THE TRIAL COURT ERRED IN DENYING A DEMURRER TO THE INDICTMENT EXHIBITED AGAINST MURRELL AND EATON.[3]

Murrell and Eaton argue that the indictment did not properly set out the elements of larceny and was therefore defective. Rule 2.05 of the UCRCCP[4] requires that the indictment provide a "plain, concise and definite written statement of the essential facts constituting the offense charged and shall notify the defendant of the nature and cause of the accusation against him." The State responds that the indictment properly tracked the language of the statute. The Mississippi Supreme Court has stated on numerous occasions that where the indictment tracks the language of a criminal statute that it is sufficient to inform an accused of the charge against him. *State v. Labella*, 232 So. 2d 354, 356 (Miss. 1970); *Anthony v. State*, 349 So. 2d 1066, 1067 (Miss. 1977). Even if the wording of the indictment failed to precisely track the language employed in the statute, this does not invalidate the instrument. *See Allman v. State*, 571 So. 2d 244, 253-54 (Miss. 1990); *Watson v. State*, 483 So. 2d 1326, 1328 (Miss. 1986).

The right of the accused to be informed of the nature and cause of the charge against him is crucial to the preparation of his defense. *King v. State*, 580 So. 2d 1182, 1185 (Miss. 1991). The indictment states:

that JACK EUGENE EATON and DONALD LEROY MURRELL, JR. in Jackson County, Mississippi, on or about October 2, 1993, did willfully, unlawfully and feloniously take, steal and carry away the personal property of Kara A. Mason, to-wit: boat motor cables, steering box and steering cables, said property being of a value of more than Two Hundred and Fifty Dollars ($250.00), contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

The appellants assert that the language in the indictment does not track the language of *Love v. State*, 208 So. 2d 755 (Miss. 1968), which defines larceny. There is no merit to this assignment of error. Essentially the bulk of the defendants' argument consists of a semantics drill. *Love* states that larceny

is

the taking and carrying away from any place, at any time, the personal property of another without that person's consent by one unentitled to possession, feloniously, with the intent to deprive the owner of the property permanently and to convert the property to the taker or someone other than the rightful owner.

*Id.*at 756.

While Murrell and Eaton are correct that the indictment does not employ the exact word "consent," the indictment does use the word "steal." One can not steal if he has consent. "The indictment followed the wording of the statute and generally that is all that is necessary to advise an accused of the charge against him." *Anthony v. State*, 349 So. 2d 1066, 1067 (Miss. 1977). *See also Hickombottom v. State,* 409 So. 2d 1337, 1338 (Miss. 1982). We hold that reference word, along with the remainder of the indictment, sufficiently apprised the appellants that each was without consent to take the personal property of another, and that they were being charged with the crime of grand larceny as defined in section 97-17-41 of the Mississippi Code of 1972. The defendants had actual notice necessary to properly prepare for their defense.

(B) EATON'S SEPARATE ASSIGNMENTS OF ERROR:

I. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY IN RELATION TO ITEMS ALLEGED TO HAVE BEEN TAKEN BY EATON BUT WHICH WERE NOT LISTED ON THE INDICTMENT.

Eaton argues that the trial court erred in allowing testimony in relation to items taken but not listed in the indictment. The State responds that there was no error in regard to the testimony concerning parts not specifically described in the indictment in that some of the component parts were joined together as part of the steering box.

If this Court were to hold in favor of Eaton, one might logically argue that each subpart of every item, including nuts and bolts, would have to be listed within the indictment. For instance, if one stole a computer processor, would the indictment have to notify the defendant that within the processor were several computer chips, a modem, screws, plastic, and a hard drive? That would be unreasonable. For this Court to hold otherwise here would be unreasonable also. The indictment is used to inform the defendant of his alleged violation, to put him on notice, and to enable the court to determine that such property is the subject of larceny. *Cooper v. State*, 639 So. 2d 1320, 1332 (Miss. 1994) (citing *Grimsley v. State*, 60 So. 2d 509, 511 (1952)). There is no merit to this issue.

VI. THE TRIAL COURT ERRED IN GRANTING THE STATE'S ORE TENUS MOTION TO PROHIBIT EATON FROM COMMENTING ON THE STATE'S FAILURE TO CALL LAW ENFORCEMENT OFFICERS INVOLVED IN THE COURSE OF THE INVESTIGATION.

Eaton asserts that the trial court erred in granting the State's ore tenus motion to prohibit Eaton from

commenting on the State's failure to call law enforcement officers involved in the investigation. The State responds that the witnesses were equally available to both appellants, and the trial court did not err in granting the State's motion to prohibit Eaton from commenting on the State's failure to call certain law enforcement officers. We find that Eaton's argument is without merit.

Under the *Brown* rule, the "failure of either party to examine a witness equally accessible to both parties is not a proper subject for comment before a jury." *Brown v. State*, 27 So. 2d 838, 840 (Miss. 1946). Also, when the record provides no proof of the absent witness's accessibility or inaccessibility, the Mississippi Supreme Court presumes that both parties had equal access to the witness. *Ross v. State*, 603 So. 2d 857, 864 (Miss. 1992) *(*citing *Madlock v. State*, 440 So.2d 315, 318 (Miss. 1983)). The defendant fails to cite why the prosecutor failed to call either or both of the law enforcement officers. Furthermore, Eaton could have subpoenaed the officers, both of whom were listed on the indictment as Brian Grady and James O'Bryant, JCSO.

Eaton failed to argue the "community of personal interest" test as posed in *Ross v. State*, 603 So. 2d at 864 (Miss. 1992), but the argument would have been of no avail. The present case can be distinguished from *Ross* which held that when a party makes an assertion or raises a defense which is fundamental to the case (which in *Ross* was the alibi defense) and the witness is the defendant's brother, then the State may appropriately argue the logical inference that but for the brother's inability to corroborate his defendant brother's testimony, he would have taken the stand and testified. *Id.* Here, the prosecutor's office and the sheriff's department, while entities of the State of Mississippi, are separate functionaries working independently of the other, and whether the officers testified or not is not essential to the case. A personal witness viewed the appellants' attempt to depart from the scene with personal property not their own. Eaton's constitutional rights were not violated, and Eaton's attorney cites no case law to that effect.

IV. EATON HEREBY JOINS BY REFERENCE AND INCORPORATES ALL ISSUES RAISED BY CO-APPELLANT MURRELL PURSUANT TO M.S.C.R. 28(I).

Finally, Eaton invokes the authority of Mississippi Supreme Court Rule 28(I) to assert those errors assigned by Murrell. As previously discussed, we have considered the merits of Murrell's assignments error and affirm as to all issues.

**THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF** DONALD L. MURRELL **OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCE SUSPENDED AND MURRELL ON NON-REPORTING PROBATION FOR TWO YEARS, IS AFFIRMED.**

**THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF** JACK EUGENE EATON **OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED, IS AFFIRMED.**

**ALL COSTS OF THIS APPEAL ARE TAXED ONE HALF TO** JACKSON COUNTY AND

ONE HALF TO JACK EUGENE EATON **.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ., CONCUR.**

1. As both Appellants present this issue on appeal, we will not revisit our discussion under Eaton's assignments of error.

2. UCRCCP 4.06 has been replaced by the Uniform Rules of Circuit and County Court 9.04.

3. As both appellants present this issue on appeal, we will not revisit our discussion under Eaton's assignments of error .

4. UCRCCP 2.05 has been replaced with URCCC 7.06.