# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KP-01202-SCT

*TERRY SANDERS a/k/a TERRY EDWARD SANDERS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ROBERT PAYNE |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Terry Sanders appeals the October 31, 1995 denial of his Motion to Correct Sentence, treated by the circuit court as a motion for post-conviction relief pursuant to the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, et seq. Finding that Sanders' motion properly was denied as time-barred, we affirm the order of the circuit court.

## STATEMENT OF THE CASE

On February 20, 1981, Sanders was indicted by a grand jury of the Harrison County Circuit Court for murder while engaged in the felony of robbery. In response to a motion by the State, the indictment was amended by order of the circuit court to reflect Sanders' habitual offender status.[1] The record indicates that Sanders had no objection to the amendment and that the State advised the trial court that it would waive the death penalty upon the entry of the defendant's plea of guilty to the charge of capital murder as an habitual offender. Sanders entered his guilty plea and was sentenced to life in the

custody of the MDOC without the possibility of parole or reduction or suspension of sentence.

Sanders filed his motion to correct sentence on September 11, 1995. He asserted that pursuant to the intervening decision in *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995), imposition of his sentence was plain error and contrary to the fourteenth amendment of the United States Constitution and art. 6, § 169 of the Mississippi Constitution, since that portion of the indictment charging him as an habitual offender came after the concluding language, "against the peace and dignity of the State." He further asserted that counsel was ineffective in allowing him to be sentenced as an habitual offender.

The circuit court denied Sanders' motion as time-barred pursuant to Miss. Code Ann. §  99- 39-5(2). In his October 31, 1995 order, the circuit judge further pointed out that where, as in the case *sub judice*, no objection to the indictment's failure to conclude with the "peace and dignity" language was made during the proceedings, *Brandau v. State,* 662 So. 2d 1051 (Miss. 1995), and not *McNeal*, controls.

## ARGUMENTS AND DISCUSSION OF THE LAW

I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO CORRECT SENTENCE BECAUSE HE WAS NOT PROPERLY INDICTED AS A[N] HABITUAL OFFENDER, BECAUSE HE IS ACTUALLY INNOCENT OF THE HABITUAL OFFENDER SENTENCE AND THE TRIAL COURT LACK[S] JURISDICTION TO SENTENCE HIM AS A[N] HABITUAL OFFENDER

Sanders first asserts that the circuit court erroneously sentenced him as an habitual offender because the order attached to the indictment amending it to provide for enhanced sentencing did not conclude with the language "against the peace and dignity of the State of Mississippi." Although not mentioned in his brief on appeal, Sanders, in his Motion to Correct Sentence, relied on *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995). The State, on the other hand, contends that Sanders' failure to object to the indictment at his sentencing hearing - - actually, his agreement to the order amending the indictment - - serves as a waiver of the error he now raises pursuant to *Brandau v. State,* 662 So. 2d 1051 (Miss. 1995).

In *McNeal*, as in the case *sub judice,* the portion of the indictment charging the defendant as an habitual offender was on a page separate from the rest of the indictment. *McNeal*, 658 at 1348-49. McNeal argued that since his indictment ended on the first page, which concluded with the words "against the peace and dignity of the state of Mississippi," he could not be sentenced as an habitual offender because he was not properly charged as such. *Id.* at 1349. Noting that even though the indictment contained the words "against the peace and dignity of the State of Mississippi" and the defendant was on notice as to the charges against him, that part of the indictment charging him as an habitual offender came after those concluding words, this Court found that "§ 169 of the state constitution was not complied with and that portion of the indictment charging McNeal as an habitual offender was fatally defective." *Id.* at 1350. McNeal's status as an habitual offender was vacated, keeping his burglary sentence in place, but providing him with eligibility for parole. Sanders, therefore, argues that his habitual offender status should be vacated and that he, too, should be eligible for parole.

As this Court explained in *Brandau,* absence of the "peace and dignity" language is a formal defect in

the indictment curable by amendment, and thus subject to waiver for the defendant's failure to demur pursuant to Miss. Code Ann. § 99-7-21. *Id.* at 1055. *See also Crenshaw v. State*, 520 So.2d 131, 135 (Miss. 1988). In *Brandau*, as distinguished from *McNeal*, the defendant made no objection to the indictment at trial or in his original appeal to this Court. *Brandau,* 662 So. 2d at 1054. Sanders likewise waived the issue of any formal defects in the indictment by agreeing to the order amending the indictment to take into consideration his habitual offender status. Moreover, he raised the issue for the first time only when filing his Motion to Correct Sentence after this Court's decision in *McNeal*.

Sanders further contends that the indictment was so fatally defective that the circuit court did not have jurisdiction. A valid guilty plea admits all the elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in the indictment against a defendant. *Brooks v. State*, 573 So.2d 1350, 1352 (Miss. 1990). The deficiency in the indictment of which Sanders now complains is not jurisdictional, and may not be raised for the very first time on direct appeal absent "a showing of cause and actual prejudice." *Id.* at 1353. Miss. Code Ann. § 99-39-21(1) likewise provides that failure to raise matters that could have been determined at the trial level serves as a waiver of those issues and procedurally bars them for purposes of post-conviction relief. *Id.* Since Sanders' only claim of prejudice is his unsupported claim that "he is actually innocence [sic] of the habitual offender part of his sentence," we find no merit in this argument.

> II. WHETHER THIS COURT SHOULD HEAR APPELLANT'S ILLEGAL SENTENCE CLAIM AS AN EXCEPTION TO THE PROCEDURAL BARS OF MISS. CODE ANN. §§ 99-39-5(2) AND 99-39-21 (1972)

Sanders next contends that his claim should survive the procedural bars set forth in Miss. Code Ann. §§ 99-39-5(2) and 99-39-21 because a "fundamental right" is involved. This Court rejected the "fundamental right" argument in *Brandau,* where the appellant, in his petition for rehearing, like Sanders, asserted that the State's failure to conclude the indictment against him with the language "against the peace and dignity of the State of Mississippi" violated a "fundamental right." In *Brandau,* we explained:

> The "right" in question is not one of "notice," or a "fundamental right" but rather simply concerns whether there was a valid indictment. The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a "fundamental right."

*Brandau,* 662 So. 2d at 1054. There is no merit, therefore, to Sanders' contention that his motion for relief can survive the statutory time bar.

> III. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

When reviewing claims of ineffective assistance of counsel, this Court follows the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985). Following the *Strickland* test, the defendant has the burden of proving (1) whether counsel's overall performance was deficient and (2) whether or not that performance prejudiced the defense. *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995).

The adequacy of counsel's performance is considered in light of the "totality of the circumstances." *Cole*, 666 So.2d at 775. There is a strong, yet rebuttable, presumption that counsel's performance was reasonable. *Taylor*, 682 So.2d at 363. Further, the defendant must show that there was a reasonable probability that, but for counsel's deficiencies, the outcome of his case would have been different.

Sanders contends that his attorney's failure to object or demur to the defect in the indictment amounted to constitutionally deficient representation. However, at the time that Sanders was indicted and entered his plea of guilty, the indictment as prepared and amended would have been sufficient and any objection made by his attorney to its form probably would have been overruled. *See Reining v. State*, 606 So.2d 1098, 1103 (Miss. 1992)(indictment sufficient if it reasonably provides the accused with actual notice and is in compliance with Rule 2.05 of the Unif. Crim. R. Cir. Ct. Prac.); *Benson v. State*, 551 So.2d 188, 195 (Miss. 1989)(where dates of prior convictions provided in indictment, failure to also state them in habitual offender section of indictment did not render indictment fatally defective); *Anthony v. State,* 349 So. 2d 1066, 1067 (Miss. 1977)(generally all that is necessary to advise the accused of the charges against him is that the indictment follow the wording of the statute). His attorney's performance, therefore, cannot be said to be deficient. As to the prejudice Sanders claims to have suffered by being sentenced for capital murder as an habitual offender to life in prison without parole as opposed to just life in prison, he had the option of going to trial with the State seeking to impose the death penalty upon him. Therefore, we find that his claim of prejudice rings hollow and his attorney cannot be faulted for assisting him in reaching a favorable plea agreement. Moreover, given the state of the law at the time of Sanders' indictment and guilty plea, it is doubtful that the outcome of his case would have been any different had his attorney objected to the form of the indictment as amended.

## CONCLUSIONS

Sanders was indicted and entered his plea of guilty in 1981. Since he was convicted prior to the enactment of the Post-Conviction Collateral Relief Act on April 17, 1984, he was entitled to seek relief under the statute until April 17, 1987. *Patterson v. State,* 594 So. 2d 606, 607-608 (Miss. 1992); *Odom v. State,* 483 So. 2d 343, 344 (Miss. 1986). He did not file his Motion to Correct Sentence until 1995. His only argument in support of his contention that his claim should survive the § 97-39-5(2) time bar was refuted by this Court in *Brandau v. State,* 662 So. 2d 1051 (Miss. 1995). Accordingly, we affirm the circuit court's denial of Sanders' Motion to Correct Sentence.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Sanders had been convicted of three prior felonies: a September 8, 1972 conviction for burglary and grand larceny; a March 22, 1977 conviction for burglary of a dwelling; and a May 27, 1977 conviction for two counts of burglary of a dwelling.