DAVIS *v.* STATE.

(Division B. March 21, 1938.)

[179 So. 740. No. 32980.]

**E. F. Coleman**, of Purvis, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

Albert Davis, appellant, was indicted in the circuit court of Lamar county for grand larceny; convicted thereof, and sentenced to serve a term of three and one-half years in the state penitentiary, from which this appeal is prosecuted.

In the original indictment the property stolen was described as "One red, white face, muley yearling, of the

value of $25.00, the personal property of J. J. McMurray, and one red, white face, white stomach, yearling of the value of $25.00; one red muley, white stomach yearling, of the value of $25.00; and one red, white face cow of the value of $25.00, the personal property of Roscoe McMurray, and of a total value of $100.00.''

When the State had introduced its evidence, the district attorney entered a motion for leave to amend the indictment by describing the property as ''One red white face muley yearling with white stripe down its stomach or belly, of the value of $25.00, the personal property of J. J. McMurray,'' and ''One red white face cow with white stripe down her stomach or belly, of the value of $25.00, the personal property of Roscoe Murray,'' to which motion the appellant made objections and moved for mistrial and a continuance of the case. The court sustained the motion to amend, and overruled the motion for a mistrial.

The State introduced evidence showing that the appellant sold, or contracted to sell and deliver, to Jones & Davis, who conducted a meat market in Hattiesburg, certain cattle; that they sent their butcher and other employees to the home of the appellant to secure said cattle, prepare them for market, and bring the meat and hides to Hattiesburg. These employees went to the home of the appellant, where the cattle were driven into a pen by appellant, butchered by the employees, and the meat and hides brought to Hattiesburg. Another party appeared on the scene and witnessed the butchering of these cattle. The McMurrays missed the cattle, instituted some investigation, and, in some way, learned that these cattle had been butchered and taken to Hattiesburg. The parties proceeded to Hattiesburg, looked up the butcher of Jones & Davis, asked him about the cattle, and this butcher readily told them about preparing the cattle for market, and exhibited the hides containing the marks of the owners. The parties then sought the

owner of the meat market, and he readily told them about the transaction; showed them the meat in the shop; confirmed what the butcher had told them; and also stated to the parties that a description of the cattle butchered had been entered on the firm's books as required by law. The butcher and other servants of Jones & Davis testified that the appellant pointed out to them the cattle that he had sold to Jones & Davis, drove them into a pen; and sent some message by them to Jones & Davis.

When the appellant was arrested, he approached a party who went on his bail bond, and stated that he had bought the cattle from one Anderson. Later on appellant changed the name from Anderson to one Davis, of Montgomery, Ala., as Anderson did not seem to be well known in the community. There was other testimony showing investigation and descriptions of the cattle.

It is first assigned that the court erred in permitting an amendment and refusing a mistrial thereafter. We are of the opinion that the court properly allowed this amendment; that it did not vary the description, but merely supplemented it; and that the original indictment probably would have been sufficient; and that such amendment did not constitute a new case or a new description which would prevent the appellant from understanding the offense with which he was charged. Consequently, there was no error in overruling the motion for a mistrial and continuance.

It is next assigned that the court erred in overruling the motion for a directed verdict by the appellant of not guilty. The evidence is sufficient to sustain the verdict, and there is nothing from which we could infer that any additional evidence would have been available had a mistrial been entered.

There are also assignments of error as to instructions given to plaintiff and refused to defendant. We have

examined these instructions and the contentions, and find that the latter are without merit.

The judgment of the court below therefore will be affirmed.

Affirmed.