### RUTHERFORD v. STATE.

(In Banc. May 8, 1944.)

[17 So. (2d) 803. No. 35556.]

Jas. T. Crawley, of Kosciusko, for appellant.

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

Argued orally by **Jas T. Crawley,** for appellant, and by **Geo. H. Ethridge,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a conviction of the appellant for grand larceny under an indictment charging him with the theft of "a quantity of clover seed, the personal property of Charles Fletcher, and of the value of more than $25 in lawful money." A demurrer was interposed to this indictment on the following grounds: "(1) because it is vague, uncertain and indefinite; and (2) because that if acquitted or convicted thereunder the defendant could not plead former acquittal or former conviction because of the said indefiniteness in that the number of pounds or bushels of clover seed claimed to have been stolen or the value thereof per each 100 pounds or bushel, or whether the same was lespedeza, bur clover,

white clover, red clover, crimson clover or any of the other particular varieties of clover seed, are not set forth in the indictment. And, this was true notwithstanding that the proof on behalf of the state at the trial disclosed that the prosecuting witness, Charles Fletcher, prior to the arrest and indictment of the defendant had discovered that 850 pounds of his clover seed, which were stored in a vacant house in sacks containing approximately 100 pounds each, had been stolen, and the value thereof in the sum of $170 was likewise well known to him prior thereto. Moreover, it is not alleged that the number of pounds or bushels and the value thereof was to the grand jurors unknown.

Section 26 of the Constitution of Mississippi of 1890 reads in part as follows: "In all criminal prosecutions the accused shall have a right . . . to demand the nature and cause of the accusation . . ." In this connection, particular attention is called to the word "quantity" as used in the indictment in the case at bar.

In 36 C. J. 815, Section 271, the rule is announced in regard to the description required as to personal property in an indictment for larceny, as follows: "A statement of number or quantity of the articles taken being a necessary part of the description, 'a load of cord wood', or a 'certain load of lumber' is not sufficiently definite. It is insufficient to allege the defendant stole 'cattle'. The quantity of a commodity which is usually sold by weight may be described in pounds, or if it is usually sold by standard measure, it may be described by reference to that measure." It is a matter of common knowledge that the property in the instant case could have been readily described in the indictment either as an approximate number of pounds of clover seed and of the value of $170 or as being about 8½ sacks of clover seed, weighing approximately 100 pounds each, and of the value of a stated sum per sack or 100 pounds, or as being a specified number of bushels of clover seed of a stated value per bushel, thereby giving such individuality to the transac-

tion as to enable the defendant, if acquitted or convicted under the indictment, to plead former acquittal or former conviction of such offense. For instance, it was shown that there was originally placed in the vacant house by the owner between 4,000 and 5,000 pounds of clover seed, put up in 100 pound sacks, and from which fact it can be readily seen that if there had been other thefts committed in regard thereto the offense sought to be charged against the defendant was not sufficiently identified by the indictment in this case to protect him against a second prosecution therefor. The word "quantity" is so vague, uncertain and indefinite as to give the defendant no intimation regarding the amount of clover seed which he was accused of stealing. Under such an allegation, the proof could have taken such a wide range as showing the theft of an amount of clover seed anywhere between 125 pounds and several tons. The indictment could not have been more indefinite if it had charged the accused with having stolen a few chickens, or a number of gallons of molasses, or a pile of cottonseed, or some potatoes, or a load of cattle or several head of sheep, the personal property of Charles Fletcher of the value of over twenty-five dollars.

In L. R. A. 1915B, p. 71, there is an annotation wherein the rule is deduced from an examination of the cases to the effect that in the absence of a controlling statute, and assuming the value and ownership to be properly laid, an indictment for larceny should describe the property alleged to have been taken with reasonable certainty, and that this means that the property should be so described as to individualize the transaction to such an extent that the description as laid "will (1) enable the court to determine that the property alleged to have been taken is the subject of larceny, (2) show the jury that the things proven to have been stolen are those upon which the indictment is founded, (3) reasonably inform the accused of the instance meant in conformity with the usual constitutional guaranty that persons accused of

crime shall have the right to demand the nature and cause of the accusation, so that he may properly prepare his defense, and (4) be such that the judgment rendered after trial upon the indictment may be pleaded in bar of a subsequent prosecution for the same offense.'' And, it is further stated that if a sufficiently certain description can not be given because unknown, such fact, if alleged in the indictment or information, will generally cure the otherwise insufficiency, for the reason that the law does not require a greater certainty than the nature of the case affords. Our Code chapter on Criminal Procedure provides the exception as to descriptions of property in indictments for larceny by allowing the same to be described in general terms where the charge is for larceny of money or evidences of debt, and permits an indictment to charge the theft of ''money,'' ''banknotes,'' ''checks,'' ''bills of exchange,'' ''promissory notes,'' and the like, of or about a certain amount and of certain value. Section 2459, Code of 1942, Section 1216, Code of 1930. But this Code chapter does not otherwise abrogate the common law rule requiring the description of personal property in an indictment for larceny to be reasonably definite and certain.

In the case of Walthour v. State, 114 Ga. 75, 39 S. E. 872, 14 Am. Crim. Rep. 472, it was held that a charge to the effect that the accused had stolen ''a lot of cord wood'' of a stated value was insufficient. In State v. Hoyer, 40 La. Ann. 744, 4 So. 899, it was held that the description, ''some bottled beer,'' did not individualize the property so as to enable the jury to determine whether the property proved to have been stolen was the same as that described in the indictment, so as to enable the defendant, in case of acquittal or conviction, to plead the same to a subsequent indictment relating to the same property. And, in the case of Matthews v. State, 39 Tex. Crim. R. 553, 47 S. W. 647, 48 S. W. 189, it was held that the description, seven bags of chickens, was defective

in that it conveyed no idea of the number or quantity of chickens taken.

We are therefore of the opinion that the trial court erred in overruling the demurrer to the indictment in the instant case. In view of this conclusion, it is unnecessary that we discuss the other assignments of error, at least one of which would have required a reversal even if the indictment had been sufficient.

Reversed and remanded.