GRIMSLEY *v.* STATE.

Oct. 6, 1952

No. 38442        2 Adv. S. 20        60 So. 2d 509

*Homer W. Pittman,* for appellant, cited and discussed the following:

*Geo. H. Ethridge,* Assistant Attorney General, for appellee, cited and discussed the following:

McGehee, C. J.

This is an appeal from a conviction of the crime of grand larceny. On July 6, 1950, the appellant, Mrs. Betty Grimsley, was jointly indicted with her husband, Charlie Grimsley, and Olsen Grady and Sam Lucas, Jr., for the theft of "one and 80/100ths cords of peeled pine masonite pulpwood in five foot six inch lengths of the value of $28.80 . . . the personal property of W. M. Thrower. . . ."

In August, 1950, the case was transferred by the circuit court to the county court for trial. On September 29, 1950, the indictment was amended on motion of the state and by written order then duly entered on the minutes of the county court, as required by law, so as to charge the defendant with the theft of "one and 80/100ths units of peeled pine masonite pulpwood in five foot three inch lengths of the value of $28.80, . . . the personal property of Richton Tie & Timber Company, a corporation, . . ."

On September 30, 1950, the appellant was separately tried and convicted on the original indictment as thus amended. She thereupon appealed the case to this Court and obtained a reversal thereof on the ground that the jurors had been permitted by a bailiff to become separated during a recess hour of the trial and to mingle and converse with other persons in violation of the rule in regard thereto which obtains in a felony prosecution. Other errors were assigned on that appeal, but the decision was based solely on the ground above stated. Mrs. Betty Grimsley v. State, 212 Miss. 229, 54 So. 2d 277.

Upon the remand of the case for a new trial, which was had on December 3rd and 4th, 1951, resulting in a

second conviction, it appears that the original indictment, as amended, had been lost pending the former appeal and the appellant was tried on a copy thereof. The copy was not a certified one as contemplated by Section 2442, Code of 1942, which declares, among other things, that "if an indictment be lost or destroyed, the accused may be tried on a certified copy made from the secret record book" of indictments in the office of the clerk of the circuit court.

(Hn 1) It is assigned for error on this appeal that the copy of the indictment on which the appellant was tried in December, 1951, was not a certified one. However, the accused made no objection to going to trial on a mere purported copy of the original indictment without the same being certified to. Nor did she object to the introduction of testimony by the State to sustain the allegations of the copy of the indictment on which she was being tried. This omission of the clerk to certify the copy was an amendable defect which was waived by the failure of the accused to object to being put to trial thereon.

The copy of the indictment having been taken from the secret record book of indictments did not disclose the amendment made on the face of the original and under the authority of the order placed on the minutes on September 29, 1950, and when the proof offered on behalf of the State under the substituted copy of the indictment at this second trial had disclosed that the pulpwood actually stolen was one and 80/100ths *units* instead of cords, and of the length of five feet and three inches instead of the length of five feet and six inches, the County Prosecuting Attorney asked and was granted permission to amend the copy of the indictment to conform to the proof. The second order of the county court was not prepared and entered of record so far as the appeal record now before us discloses, if indeed the amendment of the copy was necessary to be made other than by

merely crossing out on the copy the word "cords" and substituting therefor the word "units," and by striking out the words "six inches" and substituting therefor the words "three inches," and by substituting the words "Richton Tie & Timber Company" as owner instead of "W. M. Thrower" as owner, as was done. This action served merely to cause the copy of the indictment to read the same as did the original when it was amended by an order on the minutes on September 29, 1950.

The amendment of the copy of the indictment in the manner as aforesaid was allowed at the second trial, and the County Prosecuting Attorney was authorized to prepare and have entered an order on the minutes accordingly over the objection of the appellant based on the ground that the proof on behalf of the State had disclosed prior to the allowance of such amendment of the copy of the indictment that one and 80/100ths cords of such pulpwood, on the basis of a standard cord, was of a value of less than $25.00, the theft of which would have constituted petit larceny only, whereas it had been shown by the State that one and 80/100ths *units* of such pulpwood was worth approximately $30.00, or at least the sum of $28.80, the value charged in both the original indictment and the substituted copy thereof, that is to say, property of a sufficient value to constitute grand larceny if stolen. Moreover, the proof discloses that when the pulpwood was resold on the market by the co-defendants Grady and Lucas, they realized as the sales price therefor the said sum of $28.80. And these two co-defendants testified as to their own guilt at the trial of the appellant and they contended that they stole this pulpwood at the request of the appellant, hauled it to the market in her truck after she had pointed out to them its location before it was loaded on the truck, and that they carried it to her premises where the ink stenciled ends of the poles were sawed off to prevent identification and thereafter hauled it away.

The allowance of the amendment to the indictment is assigned as error again on this appeal on the ground that the amendment amounted to changing the offense from petit larceny to the crime of grand larceny, that is to say, from a misdemeanor to a felony without the consent of the grand jury in that behalf, in that the proof offered by the State prior to such amendment had disclosed as aforesaid that one and 80/100ths cords of such pulpwood, if standard cords, were of a value of less than $25.00, whereas that many units would have been worth more than $25.00. The amendment of the copy of the indictment was made on the second trial at the close of the proof on behalf of the State, and to conform thereto, and there had been no objection interposed to the testimony on the ground of a variance between the copy of the indictment and the proof, the only objection made being to the allowance of the amendment of the indictment to conform to the proof. Cf. Horn v. State, 165 Miss. 169, 147 So. 310; Davis v. State, 181 Miss. 239, 179 So. 740; Osser v. State, 165 Miss. 680, 145 So. 754; Kellum v. State, 213 Miss. 582, 57 So. 2d 316; and 52 C. J. S., p. 913, Sec. 98, citing Whittington v. State, 160 Miss. 705, 135 So. 190.

(Hn 2) As a general rule, where an indictment charges the theft of a certain number or quantity of things, the state may prove the theft of a greater number or quantity than that alleged, or even of a lesser number or quantity if the value of such number or quantity is sufficient to bring the crime within the grade of offense with which accused is charged. 52 C. J. S., supra.

In 36 C. J. at page 813, Sec. 268, it is said: "When it is possible to do so the indictment or information must describe the property charged to have been stolen with sufficient particularity to enable the court to determine that such property is the subject of larceny; to advise accused with reasonable certainty of the accusation he will be called upon to meet at the trial; and to enable

him to plead the judgment rendered thereat in bar of a subsequent prosecution for the same offense, without other proof."

We do not have before us under the facts and circumstances hereinbefore stated an instance of an indictment affirmatively alleging the commission of a misdemeanor of petit larceny and which was amended to charge a felony by alleging the crime of grand larceny, over the protest of the accused and without the consent of the grand jury. (Hn 3) On the contrary it is manifest that in returning the original indictment the grand jury intended to charge the commission of a felony in that the value of the pulpwood was alleged therein to be the sum of $28.80. We limit the decision herein to the facts in this particular case.

The proof disclosed by the introduction of the sales ticket and the receipt given to Olsen Grady by the purchaser of the pulpwood was that the same was of the value of $28.80 and that therefore whoever stole the wood had committed grand larceny instead of petit larceny. The amendment of the indictment to conform to the proof and without changing the value of the stolen property as alleged in the indictment did not place the accused at a disadvantage and leave her unprepared for the completion of the trial, since in any event she was at all times charged with the stealing of peeled pine masonite pulpwood in lengths of over five feet and of the total value of $28.80. Moreover, after her conviction on the first trial the appellant obtained a reversal thereof here as aforesaid because of the fact that the jurors had been permitted to separate during her trial in a felony prosecution which involved the alleged stealing of the same load of pulpwood of the value of $28.80, and in our opinion the allowing of the amendment in question did not have the result of denying to her the right to be advised of the nature and cause of the accusation against her at her second trial and conviction; that is to say,

the right guaranteed by Section 26 of the State Constitution.

(**Hn 4**) Assuming that the circuit court in which the indictment was returned would have had the authority to permit the amendment to the indictment, we are of the opinion that the county court to which the cause was transferred had an equal right to do so. Section 1605, Code of 1942, provides for the transfer of misdemeanor cases and of felony cases less than capital, and that the circuit court may transfer "with full jurisdiction all or any of the same, in its discretion, to the county court for trial; . . ." Section 1609, Code 1942, pertaining to the powers of the county judge, provides that in all cases within the jurisdiction of his court he shall have "the power to order, do or determine, to the same extent and in the same manner . . . as a circuit judge . . . could do in term time or in vacation in such cases." See also Ex Parte Tucker, 164 Miss. 20, 143 So. 700, which held that the words "for trial" in Section 1605, supra, respecting transfer of cases from the circuit court to the county court, could include everything the circuit court could have done had the case not been transferred.

(**Hn 5**) The remaining assignment of error, which requires consideration and discussion, is the failure of the county judge to enter a mistrial and continue the cause on account of the accused having been brought to the courthouse in an ambulance, because of her alleged illness, and having to remain·on a cot in the courtroom during the trial, and also because of her alleged inability to confer with her counsel during the trial in regard to her defense, or to testify in her own behalf. On this issue the proof disclosed that one or more mistrials had been entered on former occasions on account of the accused becoming ill during the trial; that prior to the beginning of the trial in which the conviction here appealed from was obtained, both sides had announced ready for trial, and on the day when the trial was begun the State began

with the introduction of its proof about 10:00 a. m. and concluded it about 2:30 p. m., and thereupon the accused made the motion for a discontinuance of the trial for the term or until the following morning; and that thereupon the court recessed for an hour during which time the accused was carried to a hospital where she consulted a physician and was carried from there to her home, and with the result that the trial was discontinued until the following morning; that on the next morning the accused came back to court in an ambulance, and was carried into the courtroom on a cot where she remained during the completion of the trial; that according to the testimony of her husband, she was given some kind of "dope" throughout the night before, and the proof further disclosed that she was hollering and complaining from time to time during the remainder of the trial. The trial judge found as a fact, from the certificate of a physician who had reported to the court on her condition from a previous examination of her in connection with a back injury sustained in an automobile wreck, that the accused was feigning an illness and was able to undergo the completion of the trial.

Moreover, the court had evidently observed her actions during the trial, as was likewise true of the jurors. She did not ask for an attachment of the doctor whom she had consulted the afternoon before and for whom process had been issued, and she neither offered his testimony nor that of another physician whom she had recently consulted. Her defense involved a simple issue of fact on which she had been convicted prior to her first appeal to this court, and hence the trial judge was evidently of the opinion that there had been ample opportunity afforded her to confer with her counsel prior to announcing ready for trial on the occasion of her last conviction, and there had been a mistrial entered between her first and last convictions on account of her having become ill after some of the testimony had been taken. We are unable to say that from all the facts and

circumstances that the trial court was manifestly wrong in the exercise of its discretion of not entering another mistrial.

Under all the facts and circumstances disclosed by the record, we find no error that would justify a reversal of the conviction and sentence appealed from. The cause must, therefore, be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Arrington, JJ.,* concur.