450 So.2d 1081 (1984)
Walter O'Neal JACKSON
v.
STATE of Mississippi.
No. 54900.
Supreme Court of Mississippi.
June 6, 1984.
*1082 Thomas D. Berry, Jr., Gulfport, for appellant.
Bill Allain, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This case comes on appeal from the Circuit Court of Harrison County, Mississippi, wherein the appellant was tried and convicted of the crime of grand larceny and sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, and fined the sum of $1,000.00.
The indictment charged appellant and his two co-defendants with the theft of
Four (4) packs Danish Cooked Ham; Four (4) packs beef rib eye steak; One (1) pack Beef Rib eye steak; Two (2) packs Beef Rib Eye Steak, a better description being to your grand jurors unknown.
These meats were the property of Atlantic and Pacific Tea Company and had a total value of $142.12. During trial it became apparent, through the testimony of A & P manager Robert Fayard, that the two packs rib eye steak were actually rib eye roasts; however, over objection, the state was allowed to introduce evidence of the theft of the two roasts despite the misdescription in the indictment. There was also testimony that the value of these two roasts was $42 and $45 respectively. Thus, inasmuch as the total value of the meat was $142.12, unless the appellant was properly charged with the theft of the roasts and their value properly included he cannot have been convicted of grand larceny.
The description of an indictment must be of sufficient particularity to enable the court to determine that such property is the subject of larceny and to advise the accused with reasonable certainty of the accusation he will be called upon to meet at the trial and to enable him to plead the judgment rendered thereat in bar of a subsequent prosecution for the same offense without other proof. Grimsley v. State, 215 Miss. 43, 48-49, 60 So.2d 509, 511 (1952). For the variance between the indictment and the proof to be fatal, however, it must be a material and prejudicial variance.
Mississippi Code Annotated § 99-17-13 (1972) allows the state to amend an indictment because of misdescribed property. Such amendment was not undertaken here. The misdescription in this indictment would make it difficult for appellant to plead the judgment rendered in bar of any subsequent prosecution for the same offense. The indictment could have been amended and was not amended. In such circumstances, the two roasts must be excluded, thereby reducing the value of the goods taken here below the $100.00 requirement for grand larceny.
Therefore, appellant's argument that his conviction of grand larceny cannot stand is well taken and remand must be made for resentencing to the lesser included offense of petit larceny.
The other assignments of error by appellant are without merit but because of the result already reached above we do not discuss them here.
Where, as here, the variance between the indictment and the proof is material and prejudicial, viz. the proof of the amount being under $100.00 and the inability of the defendant to plead the judgment as a bar, the conviction can be affirmed only as to *1083 petit larceny. Barry v. State, 406 So.2d 45 (Miss. 1981).
GRAND LARCENY CONVICTION REVERSED; REMANDED FOR SENTENCING FOR PETIT LARCENY.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.