# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00762-SCT

*ANTHONY LEE TUCKER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2007 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 11/04/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from the conviction of Anthony Lee Tucker for possession of stolen property arising from a burglary of Foot Gear in West Point, Mississippi. After Tucker's conviction, the trial court amended Tucker's indictment to add habitual-offender status.[1] Tucker was sentenced to serve ten years in the custody of the Mississippi Department of

---

[1]Tucker had been convicted of six drug-related offenses in Wisconsin in 2000 and was paroled in 2005.

Corrections (MDOC) and to pay a fine of $10,000 upon his release. The initial appeal was decided by the Court of Appeals, which affirmed Tucker's conviction and sentence. *Tucker v. State*, 2009 WL 4043374, at *2 (Miss. Ct. App. Nov. 24, 2009). We find that the Court of Appeals erred when it found Tucker's indictment sufficient to charge the crime for which he was convicted, and we reverse as to this issue.

## FACTS AND PROCEEDINGS BELOW[2]

¶2.     Because our disposition of this case rests solely upon the sufficiency of Anthony Tucker's indictment, our recitation of the substantive facts will be brief, and we shall focus primarily on the language of the indictment and the relevant law.

¶3.     Anthony Lee Tucker was indicted for receiving stolen property in violation of Mississippi Code Section 97-17-70 (Rev. 2006). Tucker argues that the Court of Appeals erred in finding that Tucker's indictment was sufficient, even though the stolen property allegedly possessed by Tucker was not set forth with sufficient particularity. Tucker's indictment stated:

> On or about the 18th day of October, 2005, in the County aforesaid, [Anthony Tucker] did unlawfully, willfully and feloniously, receive or possess the personal property of Haresh Khiantani d.b.a. Foot Gear, to-wit: athletic apparel, said property having a total value in excess of $500.00, and having been feloniously taken away from the said Haresh Khiantani d.b.a. Foot Gear, and further that the said ANTHONY TUCKER knew or should have know at the time of the receiving or possessing of said property that said property had been so feloniously taken, in violation of MCA §91-17-70; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi.

---

[2]A more detailed recitation of the facts may be found in the Court of Appeals' decision in *Tucker*, 2009 WL 4043374, at *2-6.

2

¶4.    Specifically, Tucker asserts that "athletic apparel, said property having a total value in excess of $500.00" does not describe the stolen property allegedly in his possession with sufficient particularity as required by law. Tucker urges that, because of this insufficiency in the indictment, he was unable adequately to prepare his defense and that he would not be able to defend himself by pleading double jeopardy in the event of some subsequent prosecution. Tucker claims that this insufficiency in the indictment infringes upon his fundamental right to due process, which renders the indictment insufficient as a matter of law.

¶5.    The State argues that because Tucker's indictment listed the owner, the class or item, and the value of the "athletic apparel" that his indictment was legally sufficient. The State further argues that the indictment was legally sufficient to put Tucker on notice of the charges against him.

¶6.    The Court of Appeals found *Nguyen v. State*, 761 So. 2d 873 (Miss. 2000), to be controlling on the issue. *Tucker*, 2009 WL 4043374, at *14. However, the Court of Appeals distinguished *Nguyen* from this case by finding that the property in Nguyen's indictment was described by six different classes, while the property in Tucker's indictment was described by only one class – "athletic apparel." *Id.* at *17. The Court of Appeals found this to be a factor supporting the sufficiency of the indictment; and therefore, Tucker was sufficiently informed of the charge against him to allow him the opportunity to prepare his defense. *Id.* at *18.

¶7.    Tucker moved for rehearing, which the Court of Appeals denied. *Id.* at *1. Tucker then filed a petition for writ of certiorari, which we granted.

3

**STANDARD OF REVIEW**

¶8.     Although Tucker did not object to the indictment at trial, he did argue on appeal that the indictment insufficiently described the property at issue, such that he was unable to prepare a defense to a charge of receiving stolen "athletic apparel." Such objections to the sufficiency of the indictment may be raised for the first time on appeal. *Havard v. State*, 928 So. 2d 771, 801 (¶59) (Miss. 2006). "The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by the Court." *Nguyen*, 761 So. 2d at 874 (¶3). Therefore, as a matter of law, the standard of review is de novo. *Jones v. State*, 993 So. 2d 386, 394 (¶19) (Miss. Ct. App. 2008) (citation omitted).

**STATEMENT OF THE LAW**

¶9.     On writ of certiorari, we also find *Nguyen* to be controlling. But the Court of Appeals found *Nguyen* to be distinguishable from this case in that Tucker's indictment was sufficient to inform him of the nature of the charge against him. We disagree.

¶10.    In *Nguyen*, this Court identified the issue as whether the indictment described the stolen property with sufficient particularity to inform the defendants of the nature of the charges against them, to afford them the opportunity adequately to prepare their defense, and to allow them to protect themselves against future jeopardy by some subsequent prosecution. *Nguyen*, 761 So. 2d at 876.

¶11.    In *Nguyen*, the indictment stated:

> That in Jackson County, Mississippi, on or about December 12, 1997, [Nguyen and Le] did unlawfully, willfully and feloniously receive 114 items, including televisions, C.D. players, VCR's, cameras, tools and microwaves, of the value of two hundred and fifty dollars ($250.00) or more, the personal property of multiple owners, knowing the said property to have been stolen feloniously,

4

contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

*Nguyen*, 761 So. 2d at 874 (¶2). This Court found that the description of the stolen goods – "114 items, including televisions, C.D. players, VCR's, cameras, tools and microwaves, of the value of two hundred fifty dollars ($250.00), or more . . . ." – was insufficient because it did not state the essential facts constituting the offenses charged and did not inform the appellants of the nature of the charges against them. *Id.* at 877 (¶12). This Court reasoned that "the indictment . . . contain[ed] six classes of items, none of which contain any limiting modifiers. . . . The indictment [also] does not describe how many TV's, VCR's, cameras, tools and microwaves were received." *Id.* at 877 (¶12) (emphasis added). Therefore, this Court reversed the conviction and sentence and quashed the indictment.

¶12.    In the present case, the Court of Appeals found *Nguyen* to be distinguishable in that the property in *Nguyen* was composed of six different classes, while the property in *Tucker* was composed of one class, "athletic apparel." *Tucker*, 2009 WL 4043374, at *17 (¶31). The Court of Appeals also found that the stolen property Tucker allegedly constructively possessed – caps, shirts, tennis shoes and jeans – can be and is classified as "athletic apparel." *Id.* at 17 (¶31). Judging that this factor supported sufficient particularity as to Tucker's indictment, the Court of Appeals found the indictment "sufficient to inform Tucker of the charges against him such that he had an adequate opportunity to prepare his defense." *Id.* at 18 (¶32).

¶13.    While the Court of Appeals may be correct in finding that some of the stolen property can be classified as "athletic apparel," it is clear that not all the items recovered fit into this

5

classification. The record reveals that the approximately 140 items recovered from the premises where Tucker was temporarily residing consisted of athletic apparel, jeans, shoes, boots, caps, blouses, t-shirts, and warm-up jackets. Clearly, jeans, boots, and blouses are not considered "athletic apparel." Furthermore, *Nguyen* suggests that the indictment in that case should have contained "limiting modifiers" or the quantity of each item alleged to have been received or possessed by Nguyen. *Nguyen*, 761 So. 2d at 877 (¶12). Thus, Tucker's indictment is less descriptive and more flawed than Nguyen's, in that Tucker's indictment should have described, by classification and/or quantity, the stolen property he was being charged with receiving and/or possessing.

¶14.    This Court has stated that all questions regarding the sufficiency of an indictment are governed by Rule 2.05 of the Uniform Rules of Circuit and County Court Practice,[3] which sets forth seven elements that any indictment must contain. *Armstead v. State*, 503 So. 2d 281, 283 (Miss. 1987). Rule 7.06 states:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite statement of the **essential facts** constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall include the following:
>
> 1. The name of the accused;
>
> 2. The date on which the indictment was filed in court;
>
> 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

[3]Rule 2.05 of the Uniform Rules of Circuit and County Court Practice has been amended and is now Rule 7.06 of the Uniform Rules of Circuit and County Court Practice.

4. The county and judicial district in which the indictment was brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury; and

7. The words "against the peace and dignity of the state.

The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations and aliases.

[Adopted effective May 1, 1995; amended August 26, 1999.]

URCCC 7.05 (emphasis added).

¶15. It is clear that Tucker's indictment meets the seven elements required by Uniform Rule 7.06. However, Tucker's indictment does not contain the "essential facts constituting the offense charged" to inform him of the nature of the charge against him. This Court finds that the language in Tucker's indictment – "athletic apparel, said property having a total value in excess of $500.00" – does not describe the stolen property with sufficient particularity to inform Tucker of the nature of the charges against him so that he may be allowed adequately to prepare his defense and so that he may protect against being placed in future jeopardy.

**CONCLUSION**

¶16. The language used in Tucker's indictment – "athletic apparel, said property having a total value in excess of $500.00," does not adequately describe with sufficient particularity as required by Mississippi rules and precedent the stolen property allegedly received. Therefore, we reverse and render the Court of Appeals' finding that Tucker's indictment was

7

sufficient to inform him as to the charges against him so that he had an adequate opportunity to prepare a defense, as well as the conviction and sentence of the Clay County Circuit Court.

¶17.   **REVERSED AND RENDERED.**

**WALLER, C.J., DICKINSON, KITCHENS AND CHANDLER, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., RANDOLPH AND LAMAR, JJ.**

**PIERCE, JUSTICE, DISSENTING:**

¶18.   Eight days after the Foot Gear in West Point had been relieved of an estimated $109,000 of its inventory and equipment, police, operating on an anonymous tip, discovered numerous articles of brand-new clothing and athletic shoes at the residence of Anthony Tucker.  Tucker's indictment charged that he did "unlawfully, willfully and feloniously, receive or possess the personal property of Haresh Khiantani d.b.a. Foot Gear, to-wit: athletic apparel, said property having a total value in excess of $500.00."  Tucker was convicted, and the Majority would overturn the conviction on the theory that the indictment's language was insufficiently particular.  I dissent.

¶19.   In ***Nguyen v. State***[4] we said that the stolen property allegedly received must be described with sufficient particularity to allow the appellants to be (1) informed of the nature of the crime of which they are accused, so that they can (2) properly prepare their defenses, and so that they will be (3) adequately shielded from being placed in future jeopardy.  The best way to examine this case while remaining true to our precedent in ***Nguyen*** is to ask whether this indictment accomplished those protections for Tucker.

---

[4]***Nguyen v. State***, 761 So. 2d 873, 876 (Miss. 2000).

*Does the indictment inform Tucker of the nature of the crimes with which he has been charged?*

¶20. Tucker was arrested on October 18, when police found approximately 140 items of athletic apparel at his residence, only eight days after property estimated in excess of $100,000 was taken from Foot Gear.[5] His indictment charged that he had feloniously possessed "the personal property of Haresh Khiantani d.b.a. Foot Gear, to-wit: athletic apparel[.]"[6] We have said that an indictment that is in compliance with the rules and provides actual notice is sufficient to inform the defendant.[7]

¶21. The "essential" facts – or those "indispensably necessary"[8] – are that Anthony Tucker feloniously possessed the personal property of Haresh Khiantani d.b.a Foot Gear in excess of $500 and that he knew or should have known that the same had been feloniously taken. This is all the State needed to prove. These elements were all present in the indictment. This is a plain, clear statement that Tucker is accused of possessing the merchandise stolen from Foot Gear. Further discussion is not merited.

*Did the indictment lack specificity so as to prejudice Tucker's ability to prepare a defense?*

¶22. The major purpose of any indictment is to furnish the accused a reasonable description of the charges so an adequate defense may be prepared.[9] I fail to see how greater specificity

---

[5] ***Tucker v. State***, 2009 WL 4043374, *2 (¶¶ 6, 8)(Miss. Ct. App. 2010).

[6] ***Id***. at *8 (¶ 28).

[7] ***McNeal v. State***, 658 So. 2d 1345, 1350 (Miss. 1995).

[8] *Black's Law Dictionary* 379 (6th. ed. 1991).

[9] ***Brown v. State***, 890 So. 2d 901, 918 (Miss. 2004).

would assist Tucker in his preparation of a defense. The Majority is unable to articulate how greater specificity would assist Tucker in his preparation of a defense. Whether or not blue jeans are athletic apparel[10] has no discernable impact on Tucker's preparation of his defense.

¶23.    The Majority makes hay of a "suggestion" in *Nguyen* that the indictment in that case should have contained "limiting modifiers." In *Nguyen*, we quashed an indictment which charged that the defendants had feloniously received "114 items, including televisions, C.D. players, VCR's, cameras, tools and microwaves . . . the personal property of *multiple owners*[.]"[11] In considering whether an indictment is fatal if it "does not state who owned the allegedly stolen property,"[12] we signalled that such a flaw was a factor in determining the precision of an indictment as much as how many categories of goods were listed. We also noted the defects of the inclusive language[13] in the indictment. The defendants in *Nguyen* were on notice only that they were accused of stealing 114 objects from a class of persons that, rhetorically, could have been just as large.

¶24.    In this case, the class of property identified in the indictment is limited to the athletic apparel owned personally by Haresh Khiananti in his role as owner of Foot Gear. While the Majority argues that the indictment is insufficient because blue jeans are not athletic apparel,

---

[10]Having seen the riders at the Dixie National Rodeo has, I admit, colored my opinions on accurate garment classification enough that I question my brother justice's quick disregard of whether blue jeans, boots, and blouses are athletic apparel. Calamity Jane might have disagreed, as well.

[11]*Nguyen*, 761 So. 2d at 874 (emphasis added).

[12]*Nguyen*, 761 So. 2d at 877.

[13]*Id*. (saying "including" instead of "comprised of").

10

the defendant had garbage bags full of brand new clothes and lines of new white shoes in his residence when he was arrested.[14] By the Majority's logic, a defendant indicted for absconding with a great amount of groceries from the Piggly Wiggly can convince us to review his indictment because he stole an unindicted quantity of aluminum foil *in addition to* a great amount of groceries.

*Did the indictment lack specificity, subjecting Tucker to double jeopardy?*

¶25. This is, perhaps, the Majority's strongest argument. Imprecise indictments leave open the opportunity to for second bites at the apple. Had the jury found Tucker not guilty, the State would have had rhetorical room to charge him with possession of the allegedly stolen blouses and blue jeans. However that rhetorical possibility also was present in **Daniel v. State**, in which we found "a diamond ring," "one mule and one horse," and "one suit of clothes" to be sufficient description of the property.[15] A "neat calf" was sufficient in **Miller v. State**,[16] and "six sacks of ammonium nitrate" was precise enough in **Jones v. State**.[17]

¶26. We cannot and should not require a perfect description of the spokes of metaphorical snowflakes to the exclusion of all other items. We require that the State describe the property with reasonable certainty.[18] I do not think that this description of Foot Gear's inventory – a great deal of which was found in the defendant's possession – is uncertain at all. And I

---

[14]**Tucker**, 2009 WL 4043374 at *2 (¶ 6).

[15]**Daniel v. State**, 212 Miss. 223, 54 So. 2d 2727, 273 (1951).

[16]**Miller v. State**, 243 So. 2d 558 (Miss. 1971).

[17]**Jones v. State**, 215 Miss. 355, 60 So. 2d 805 (1952).

[18]**Nguyen**, 761 So. 2d at 873.

11

suspect that, were a trial court to use the breadth of the indictment to subject Tucker to double jeopardy, we would call that hypothetical decision unreasonable.

¶27.   Because the indictment instructed Tucker of the nature of the charges against him and so did not prejudice his preparation of a defense or subject him to double jeopardy, I dissent.

**CARLSON, P.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.**