GRIFFIS, P. J.,
for the Court:
¶ 1. Dexter Fulton was convicted of receiving stolen property. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections, as a habitual offender, without eligibility for parole or reduction in sentence. On appeal, Fulton argues that the trial court erred when it allowed an amendment to the indictment. We find no error and affirm.
FACTS
¶ 2. On October 17, 2008, C.J. Stockman closed and locked the office of Sobley Excavating Company in Columbus. Sobley had eleven trucks at its office. The next morning, a Sobley employee discovered that six or seven battery boxes from the trucks were missing. The battery cables had been cut, and the batteries were missing from some of the trucks. Stockman called the police.
*983 ¶ 3. Two days later, Thomas Pearson of Columbus Scrap was notified to look for the battery boxes. Later that day, Fulton arrived at Columbus Scrap and wanted to sell some battery boxes. Nelda Umfress, the manager at Columbus Scrap, told Fulton that she would not buy the boxes. Fulton took the battery boxes and drove away. The surveillance cameras at Columbus Scrap recorded these events. The police were notified and given the videotape from Columbus Scrap.
¶ 4. Columbus Police Department Investigators Amanda Burrell and L.C. Cockrell watched the videotape. Burrell checked the license plate on the vehicle and identified it as Fulton’s car. Investigators Bur-rell and Cockrell went to Fulton’s apartment. When they arrived, they saw the battery boxes in Fulton’s car. They arrested Fulton and took possession of the battery boxes.
¶ 5. At the police department, Stockman identified the battery boxes as belonging to Sobley. Eight battery boxes were recovered from Fulton.
¶ 6. On April 29, 2009, Fulton was indicted. The indictment charged:
[O]n or about the 20th day of October, 2008, [Fulton] did unlawfully, wilfully, and feloniously, receive, possess or dispose of the personal property of Sobley Excavating, to-wit: tractor batteries, battery cables, mack truck batteries, and aluminum wheels, said property having a total value in excess of $500.00, and having been feloniously taken away from the said Sobley Excavating and further that the said Dexter Fulton [] had reasonable grounds to believe at the time of the receiving, possessing, or disposing of said property that said property had been so feloniously taken.
¶ 7. On August 10, 2010, the State filed a motion to amend the indictment. The motion asked the court to enter an order to amend the indictment to correct certain language. It read:
[T]he proof would show that the stolen items were tractor battery box covers and mack truck battery box covers and therefore the words “tractor batteries, battery cables, mack truck batteries, and aluminum wheels “should be stricken and replaced with “tractor battery box covers and mack truck battery box covers,” and that this change would only be one of form, and not of substance.
¶ 8. On February 18, 2011, the circuit court entered an order that authorized the amendment to the indictment. The trial began on February 28, 2011. On March 1, 2011, the jury found Fulton guilty. After post-trial motions, a final judgment was entered on September 15, 2011. On November 21, 2011, the circuit court entered an order that allowed Fulton to file an out-of-time appeal. The notice of appeal was filed on December 5, 2011.
STANDARD OF REVIEW
¶ 9. The standard of review for an amendment to the indictment is de novo. See Spears v. State, 942 So.2d 772, 773 (¶ 5) (Miss.2006). “The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court.” Id.
DISCUSSION
¶ 10. Fulton claims that his rights to a fair trial and due process were violated when the court allowed the amendment to the indictment. He claims the amendment was one of substance and not simply form. The State responds that Fulton had fair notice and an opportunity to defend against the charges.
¶ 11. “To be sufficient, an indictment needs only to allege each essential *984 element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.” Tran v. State, 962 So.2d 1237, 1244 (¶ 27) (Miss.2007) (quoting United States v. Webb, 747 F.2d 278, 284 (5th Cir.1984)).
¶ 12. Rule 7.09 of the Uniform Rules of Circuit and County Court provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as [a]n habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss.Code Ann. § 68-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
In Tarver v. State, 15 So.3d 446, 458 (¶ 28) (Miss.Ct.App.2009), this Court succinctly stated the relevant law on amendments:
The purpose of an indictment is to furnish the defendants notice and a reasonable description of the charges against them. Therefore, an indictment is only required to have a clear and concise statement of the elements of the crime the defendant is charged with. It may be amended to correct defects of form, but not defects of substance. An amendment of substance is one which changes the charge made in the indictment to another crime. A permissible change in the indictment is one that does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case. Specifically, with regard to changing a location, Mississippi Code Annotated section 99-17-13 (Rev.2007) expressly allows for a court to amend an indictment when there appears to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment.
(Internal citations and quotations omitted). In Tarver, the Court concluded that the change of the term “park” to “day care” was not an amendment of substance. Tarver, 15 So.3d at 458 (¶ 30).
¶ 13. Here, the amendment did not change the crime that Fulton was charged with having committed. The amendment only changed the description of the property that was stolen. An amendment as to form rather than substance is one where the defense under the indictment is equally available after the amendment and the evidence the defendant must use is the same pre- and post-indictment. Griffin v. State, 540 So.2d 17, 21 (Miss.1989).
¶ 14. Fulton does not argue that he was not afforded a fair opportunity to present a defense. He does not argue that he was prejudiced by the amendment of the indictment or that he was unfairly surprised. Fulton was given notice of the State’s effort to amend the indictment six months before the trial. The fact that the circuit court entered the order allowing the amendment approximately ten days before trial does not affect our analysis. Indeed, Fulton was provided with sufficient notice of the amendment to allow him an opportunity to defend himself from the charges.
¶ 15. We find no error and affirm Fulton’s conviction and sentence.
¶ 16. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT *985 OF CONVICTION OF RECEIVING STOLEN PROPERTY AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.