# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-01819-SCT

*DEXTER FULTON a/k/a DEXTER CALVIN
FULTON*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2011 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| TRIAL COURT ATTORNEYS: | MARK JACKSON |
| | DONNA SMITH |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MONIQUE BROOKS MONTGOMERY |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| | JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED AND THE CONVICTION IS VACATED - 09/11/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dexter Fulton was convicted in the Lowndes County Circuit Court for receiving stolen property. The Court of Appeals affirmed Fulton's conviction and sentence on direct appeal. We granted Fulton's petition for writ of certiorari to determine whether Fulton's indictment

was fatally defective and whether the trial court erroneously allowed an amendment of substance to Fulton's indictment. Finding error as to both issues, we reverse the judgments of the Court of Appeals and the circuit court and vacate Fulton's conviction.

**STATEMENT OF THE CASE**

¶2.     Dexter Fulton was arrested by officers of the Columbus Police Department after he attempted to sell allegedly stolen truck-battery box covers[1] to Columbus Scrap in Columbus, Mississippi. These battery boxes previously had been reported missing after a break-in at Sobley Excavating in Columbus.

¶3.     Fulton's indictment, which charged him with receiving stolen property in violation of Section 97-17-70 of the Mississippi Code, provided:

> [O]n or about the 20th day of October, 2008, [Fulton] did unlawfully, wilfully, and feloniously, receive, possess or dispose of the personal property of Sobley Excavating, to-wit: *tractor batteries, battery cables, mack truck batteries, and aluminum wheels*, said property having a total value in excess of $500.00, and having been feloniously taken away from the said Sobley Excavating and further that the said Dexter Fulton [] had reasonable grounds to believe at the time of the receiving, possessing, or disposing of said property that said property had been so feloniously taken.

(Emphasis added.)

¶4.     On August 10, 2010, the State moved to amend Fulton's indictment, asking that the words "tractor batteries, battery cables, mack truck batteries, and aluminum wheels" be

---

[1] As used in this case, a "battery box" refers to a hinged metal box attached to a heavy-duty vehicle, such as a semi truck or a tractor, that houses the vehicle's battery. The top portion of the battery box, referred to as the "battery box cover" can be removed from the rest of the box to access the battery.

struck from the indictment and replaced with "tractor battery box covers and mack truck battery box covers." The trial court granted the State's motion to amend Fulton's indictment on February 18, 2011, ten days before trial. At the conclusion of Fulton's trial, the jury found Fulton guilty of receiving stolen property. Fulton was sentenced as a habitual offender to ten years' imprisonment without the possibility of parole or reduction in sentence. On appeal, Fulton argued that the trial court had erred when it allowed a substantive amendment to his indictment. The Court of Appeals affirmed his conviction, finding no error in the amendment of the indictment. *Fulton v. State*, No. 2011-KP-01819-COA, 2013 WL 3886021, *3 (Miss. Ct. App. July 30, 2013). Fulton now seeks certiorari review from this Court. We limit our review to whether Fulton's indictment was fatally defective for failing to inform him sufficiently of the charges against him and whether the Court of Appeals erred in holding that the amendment of the indictment was one of mere form. Miss. R. App. P. 17(h).

## STANDARD OF REVIEW

¶5. Because the question of whether an indictment is fatally defective is an issue of law, the standard of review is de novo. *Peterson v. State*, 671 So. 2d 647 (Miss. 1996). The standard of review for an amendment of an indictment also is de novo. *Spears v. State*, 942 So. 2d 772, 773 (Miss. 2006).

## DISCUSSION

**I.    Whether Fulton's indictment was fatally defective for failing to sufficiently describe the stolen property he allegedly received.**

3

¶6. The purpose of the indictment is "to furnish the accused such a description of the charges against him as will enable him to adequately prepare his defense." *Williams v. State*, 445 So. 2d 798, 804 (Miss. 1984). Rule 7.06 of the Uniform Rules of Circuit and County Court Practice governs our consideration of the sufficiency of an indictment, including that the indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06. "An additional test [for the sufficiency of the indictment] is whether, in case other criminal proceedings are taken against the defendant based on the same matters, the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of the later proceedings." *Hamilton v. State*, 197 So. 2d 469, 474 (Miss. 1967) (citation omitted).

¶7. Fulton was indicted under Section 97-17-70 of the Mississippi Code, which prohibits a person from "intentionally possess[ing], receiv[ing], retain[ing] or dispos[ing] of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen[.]" Miss. Code Ann. § 97-17-70 (Rev. 2006). The question presented here is whether Fulton's indictment sufficiently described the stolen property that he allegedly received, an essential fact at issue.

¶8. "It is essential, in an indictment for receiving stolen property, to describe the property with the same particularity as is required in an indictment for larceny." *Wells v. State*, 43 So. 610, 611 (Miss. 1907). The common-law rule regarding the sufficiency of the description of stolen property required in an indictment for larceny has been stated as follows: "A

4

statement of number or quantity of articles taken being a necessary part of the description, 'a load of cord wood,' or a 'certain load of lumber' is not sufficiently definite. It is insufficient to allege the defendant stole 'cattle.'" *Rutherford v. State*, 17 So. 2d 803, 804 (Miss. 1944) (quoting 36 C.J. 815, § 271). In *Rutherford*, the defendant's indictment charged him with larceny of "a quantity of clover seed." *Id.* This Court reasoned that "[t]he word 'quantity' is so vague, uncertain and indefinite as to give the defendant no intimation regarding the amount of clover seed which he was accused of stealing." *Id.* This Court recognized that, where a sufficient description of the stolen property is not known, "such fact, if alleged in the indictment or information, will generally cure the otherwise insufficiency, for the reason that the law does not require a greater certainty than the nature of the case affords." *Id.* (citation omitted). However, because the stolen clover seed readily could have been described by specific weight or quantity, this Court found that the defendant's indictment was fatally defective for failing to include that information. *Id.* at 805.

¶9.     This Court has adhered to the rule in *Rutherford* when determining the sufficiency of the description of property in an indictment for receiving stolen property. For example, in *Nguyen v. State*, 761 So. 2d 873, 876-77 (Miss. 2000), this Court held that an indictment for receiving stolen property, which described the property as "114 items, including televisions, C.D. players, VCR's, cameras, tools and microwaves," was fatally defective. Because "[t]he indictment does not describe how many individual TV's, VCR's, cameras, tools or microwaves were received," this Court found that the defendants were not

5

sufficiently notified of the "essential facts constituting the offense charged." *Id.* at 877 (citing URCCC 7.06). Notably, this Court rejected the State's argument that the discovery process eliminated the need for exhaustive descriptions in the indictment, finding that "[d]iscovery is not a substitute for the requirements of URCCC 7.06 . . . . [T]he appellants should not be forced to engage in discovery in order to find out the essential facts constituting the offense charged[.]" *Id.* Again, in *Tucker v. State*, 47 So. 3d 135, 139 (Miss. 2010), this Court found a defendant's indictment for receiving stolen property to be fatally defective, where the stolen property was described merely as "athletic apparel." In *Tucker*, this Court, citing *Nguyen*, found that the defendant's indictment should have contained "limiting modifiers" or listed the quantity of each item received rather than simply describing the stolen property as a single class. *Id.* at 138 (citing *Nguyen*, 761 So. 2d at 877)). Accordingly, this Court held that the property description of "athletic apparel, said property having a total value in excess of $500," did not describe the stolen property with sufficient particularity to inform the defendant of the nature of the charges against him. *Tucker*, 47 So. 3d at 139.

¶10. In the instant case, Fulton's indictments, both originally and as amended, clearly suffer from the same inadequacies as those recognized by this Court in *Nguyen* and *Tucker*. In Fulton's original indictment, the stolen property he was alleged to have received was described only by class – "tractor batteries, battery cables, mack truck batteries, and aluminum wheels." When Fulton's indictment was amended shortly before trial, this class

6

of items was merely substituted for another – "tractor battery box covers and mack truck battery box covers."

¶11.    We hold that Fulton's indictments did not describe with sufficient particularity the essential facts constituting the offense charged.  Accordingly, the trial court erred in denying Fulton's motion to quash the indictment.

**II.    Whether the amendment of Fulton's indictment was one of substance or form.**

¶12.    Fulton argues that the State could not amend his indictment to change the description of the stolen property he allegedly received, because such an amendment would be one of substance rather than form.  "All indictments may be amended as to form but not as to the substance of the offense charged[.]"  URCCC 7.06.  "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." *Miller v. State*, 740 So. 2d 858, 862 (Miss. 1999) (quoting *Greenlee v. State*, 725 So. 2d 816, 821 (Miss. 1998)) (quotations omitted).  An amendment to the substance of a charge must be made by a grand jury. *Eakes v. State*, 665 So. 2d 852, 860 (Miss. 1995).  The Court of Appeals found that the change in the description of the stolen property in Fulton's indictment was one of form rather than substance, because the amendment did not change the offense charged and did not remove any defenses available under the original indictment. *Fulton*, 2013 WL 3886021, at *3.  The

7

Court of Appeals also found that Fulton was given a fair opportunity to present a defense to the amended indictment. *Id.*

¶13.    We find that the Court of Appeals' analysis of Fulton's argument is incomplete, as the court did not analyze whether the amendment of Fulton's indictment "materially alter[ed] facts which are the essence of the offense on the face of the indictment as it originally stood," another mark of a substantive amendment. *Miller*, 740 So. 2d at 862.  This Court previously has held that the description of an item in an indictment may be changed by amendment if the change supplements, but does not vary, the description of the property.  *Davis v. State*, 181 Miss. 239, 179 So. 740 (1938).  In *Davis*, the defendant was charged with grand larceny[2] for the theft of three horses and a cow.  *Id.*  The State later amended the defendant's indictment to provide more specific descriptions of two of the stolen animals.  *Id.*  On appeal, this Court affirmed the amendment of the indictment, rejecting the defendant's argument that the amendment was one of substance.  *Id.*  This Court provided the following reasoning:

> We are of the opinion that the court properly allowed this indictment; that it *did not vary the description*, but merely supplemented it, and that the original indictment probably would have been sufficient; and that such amendment did not constitute a new case or a new description which would prevent the appellant from understanding the offense with which he was charged.

*Id.* at 741 (emphasis added).

_____

[2]As explained above, larceny cases are particularly instructive on the issues raised in the instant case because an indictment for receiving stolen property must describe the property with the same particularity as is required in an indictment for larceny. *See Wells*, 43 So. at 611.

8

¶14.    In this case, unlike in *Davis*, the amendment to Fulton's indictment did not supplement the description of the stolen property he was alleged to have received. On the contrary, "tractor battery box covers and mack truck battery box covers," the stolen items allegedly received, were not included in Fulton's original indictment at all. And a battery box cover is part of a vehicle, while batteries and battery cables clearly are not. We find that completely changing the stolen property alleged to have been received by the defendant, an essential element of the crime of receiving stolen property, "materially alter[s] facts which are the essence of the offense on the face of the indictment as it originally stood." *Miller*, 740 So. 2d at 862. Thus, we cannot say that the amendment to Fulton's indictment was one of form. Because the State's proposed amendment to Fulton's indictment was one of substance rather than form, only the grand jury had the authority to approve such an amendment. Accordingly, we must reverse the holding of the Court of Appeals on this issue, as well as the judgment of the trial court, and vacate Fulton's conviction. *See, e.g., Hall v. State*, 127 So. 3d 202, 207 (Miss. 2013) (holding that, upon conviction of a crime for which the defendant was not properly indicted, the judgment of conviction must be set aside, dismissed, or vacated and remanded, and finding "no legal authority to acquit [the defendant] by reversing and rendering judgment").

## CONCLUSION

¶15.    For the foregoing reasons, we reverse the Court of Appeals' judgment that the indictment was sufficient, as well as the judgment of the Lowndes County Circuit Court, and vacate Fulton's conviction.

9

¶16.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED AND THE CONVICTION IS VACATED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**